———o———

SAMUEL B. EDWARDSON, Respondent, *vs.* JOHN H. GARNHART, Appellant.

1. *Reference in invitum—Jury—Constitution.*—In an action at law involving the examination of a long account, the court may properly refer the case on the motion of one and against the objection of the other party (See Wagn. Stat., 1041, § 18.)—This provision is not unconstitutional as depriving the objecting party of the right to trial by jury (Const. Art. I, § 17). Such power of reference had been authorized and exercised for twenty years prior to the present constitution. And the object of the framers of that instrument must have been to preserve the right of jury trial as it then existed and has been practiced upon, and not to establish a new rule on that subject.

2. *Referee—Statutory oath—Report—Recital of touching.*—The recital in a referee's report that he had been "duly qualified" is at least *prima facie* evidence that he had been sworn as the statute required; particularly in a case where the parties had proceeded without objection to hear the whole case before the referee.

3. *Referee—Report—Objections to raised first in Supreme Court not heard.*—The objection that a referee failed to find separately on each count of the petition, when not made to the report or raised by a motion for a new trial will not be considered by this court.

4. *Judgment—One rendered on two counts not ground for reversal, when.*—Semble, that where an action was founded upon one continuous account for services for two years, the contract for the second year being only a slight modification of the original agreement, one judgment rendered on both counts would not be ground for reversal.

5. *Business commissions of clerk—Power of attorney—Conversion of funds drawn under—Borrowed money—Interest on, etc.*—In suit by a clerk for a proportion of the business profits, guaranteed to him by defendant, where it appeared that the latter had employed a third party to transact business for him

6—VOL. LVI.

in his absence, and that without the consent of plaintiff he had given him power of attorney to draw money, execute .notes, etc·, in defendant's name; *semble*, that money so taken out of the business by said third person, and not accounted for, could not be charged to the profit and loss account of the concern, but should be borne by the defendant personally. *Held*, also that plaintiff not being required to furnish any part of the capital, defendant could not charge against plaintiff an *aliquot*·portion of the interest upon funds borrowed by defendant to carry on the business.

*Appeal from St. Louis Circuit Court.*

*Cline; Jamison & .Day,* for Appellants.

I. This being an action at law was for a jury, and defendant not consenting, to waiving a jury, was wrongfully referred. Under § 17, Art. I, State Const. there can be no compulsory reference of an action at law. (Townsend vs. Hendricks, 40 How. Pr., 143 ; Greene vs. Norris, 19 Cal., 140.)

II. There is no pretense that the referee was sworn as required by statute (Wagn. Stat., 147, § 30), or that the affidavit was waived. Hence, all the proceedings were illegal. (Webb vs. Huse, 38 Mo., 210 ; Tucker vs. Allen, 47 Mo., 488; Fassett vs. Fassett, 41 Mo., 516; Toler vs. Hayden, 18 Mo., 399 ; Frissell vs. Fickes, 27. Mo., 557; Valle vs. North Mo. R. R. Co., 37 Mo., 445.)

III. The referee should have found separately on each count. (Brownell vs. Pacific R. R., 47 Mo., 239 ; 19 Mo., 551 ; 36 Mo., 215; 41 Mo., 405; 45 Mo., 269.)

*Krum & Patrick* for Respondent.

Vories, Judge, delivered the opinion of the court.

The petition in this case states, that in the year 1867, and for years before that time, the defendant was and had been engaged in the business of a merchant, in buying and selling liquors and other merchandize, in the City of St. Louis; that in January, 1867, he entered into an agreement with defendant whereby plaintiff undertook to give his personal services to the defendant, in and about his said business, for and during the year 1867, and that for such services the defendant agreed, by way of compensation for the plaintiff's services, to pay the

plaintiff one-eighth part of the net profits made by said business during said year, less $1,000, which was to be deducted from the profits realized for the sale of Kelly's bitters. The plaintiff then avers a performance of the contract on his part; that the net profits made by said business for said year 1867 amounted to the sum of $50,000 and upwards; that the share of the profits to which plaintiff was entitled was $6,250 and upwards; that defendant had paid plaintiff at different times sums of money amounting in the aggregate to the sum of $1,400; that the defendant, though requested so to do, had refused to pay plaintiff any further sum, wherefore he sued, etc.

The plaintiff then, as a second cause of action, charges that he had a similar agreement with defendant for the year 1868, except that no deduction was to be made for the profits on the sale of bitters for that year; otherwise the second cause of action is similar to the first. The profits for the year 1868 are stated to be the sum of $60,000 and more, and that plaintiff has received the sum of $1,600 and no more, and judgment is prayed for one-eighth of the profits made after deducting the sum paid, etc.

The defendant's answer is a simple denial of the allegations of the petition.

The case was afterwards referred to one J. W. Luke, as referee, to hear the proof and state an account between the parties.

The referee, after notifying the parties of his intention to do so, proceeded to take the evidence in the cause; both parties appeared before the referee, and each produced witnesses who were examined and cross-examined by the respective parties, and the evidence reduced to writing. The referee afterwards filed the following report of his proceedings and of his findings in the cause, to-wit: "In obedience to the order of this court, referring the above entitled cause to me to hear the proofs, and state an account between the parties, (having been previously qualified) I caused the parties to be duly notified to appear before me, at my office, in the City of St. Louis, on the 23d day of January, A. D. 1872, as will appear by said

notice hereto annexed.   On said day the plaintiff and his attorney, and the defendant by his attorney, appeared before me, and I heard the proofs of the parties respectively, all of which I return herewith and make the same a part of my report. And I further report to the court, that from the evidence aforesaid I find and state the following, which, in my judgment, is a correct and just account between the parties, to-wit : I find that there is an actual amount due to the plaintiff by the books of the defendant, of $4,380.89, to which should be added the sum of $455.08, charged to the plaintiff as his interest in the balance of account due by Edgar J. Noe, and also the sum of $359.36, being the one-eighth of the sum of $2,874.91, charged as discount and interest and included to the debit of merchandise account for the years 1867 and 1868, making a total sum of $5,195.32.   And I further report that the sum before mentioned, $5,195,32, was due to plaintiff on February 1, 1869, and that plaintiff is entitled to interest on the same from that date to February 6, 1872, the day on which the hearing was closed, amounting to $940.35, which added to $5,195.32 makes a total of $6,135.67, which last named sum I find and report to be due from the defendnt to the plaintiff."

The report further proceeded to state that the amount found to be due the plaintiff did not include his interest in some suspended debts named, &c.   The defendant filed various objections and exceptions to the report of the referee.   These exceptions were heard by the court and overruled, to which the defendant excepted.

The court afterwards rendered a judgment on the report in favor of the plaintiff for the sum of $6,176.57, the amount found to be due by the referee.   The defendant in due time filed his motion for a new trial, setting forth the same grounds set forth in his exceptions to the report of the referee.   The court overruled this motion and the defendant again excepted and appealed to the general term of the St. Louis Circuit Court, where the judgment being affirmed he appealed to this court.

The grounds of objection relied on in this court by the de-

fendant, for the reversal of the judgment of the St. Louis Circuit Court are, first, that the court improperly referred the cause to a referee to take an account between the parties without the consent of the defendant; second, that the referee was not sworn as the statute requires before hearing the case; third, that the referee found a gross amount as due the plaintiff in the whole case, but made no separate finding on the separate counts in the petition; fourth that the referee improperly found the sum of $455.07, which was charged to the plaintiff as his part of the balance of account charged to Edgar J. Noe, who was dead; fifth, that the referee committed error in allowing to the plaintiff the sum of $359.36, being one-eighth of the sum of $2,874.91, on the ground that the same had been overcharged to the plaintiff in his account, as interest for money borrowed and used by defendant in his business for the year 1867, and sixth, that the referee erred in allowing plaintiff interest on his account after February, 1869.

These objections will be examined in the order in which they have been stated:

1. It is contended that the constitution provides that the right of trial by jury shall forever remain inviolate, and that this action being an action at law, the defendant had the right to have the questions of fact involved therein tried by a jury; that if our statute providing for the reference of cases is to be construed to include actions at law, the statute itself would be unconstitutional and void. Our statute provides that the court in which a cause is pending, may on the application of either party, direct a reference where the trial of an issue of fact shall require the examination of a long account on either side, etc. (Wagn. Stat., 1041, § 18.) This statute has been in force in this State for at least thirty years, twenty years before the adoption of our present constitution. It is not to be presumed that the provision of the constitution relied on, was intended to change the law as it then existed and had been practised on in the State for a quarter of a century; the object of the framers of the constitution must

have been to preserve the right of trial by jury, as it then existed and had been practiced in the State, and not to establish a new rule of practice on that subject. The present action was brought to recover one-eighth of the profits of a business establishment in which the profits are charged on one side to have amounted to from fifty to sixty thousand dollars per year, which was denied by the other side. These issues necessarily involved the examination of a long account and were properly referred.

The next objection made by the defendant is that the referee was not sworn, as the statute requires, before hearing the case. The record shows that the referee notified the parties of the time and place at which he would take evidence and hear the case, and that at said time both appeared and introduced their witnesses, and went into a long examination of the case without making any objection as to the authority of the referee. No question was raised as to the referee having been sworn as such until after the report was made against the defendant.

The referee, in his report, states that in obedience to the order of the court referring the cause to him, to hear the proof and take an account between the parties, " *having been duly qualified,* I caused the parties to be notified," &c. No evidence appears to have been offered on either side as to the referee having been sworn, except what appears in the report, The recital by the referee that he had been duly qualified must be understood that he had been duly sworn, and as he was an officer of the court, and his acts are presumed to be within the knowledge of the court, the recital in the report that he had been duly qualified is at least *prima facie* evidence that he had been sworn as the statute required; particularly in a case where the parties had proceeded without objection to hear the whole case before the referee.

The third objection urged by the defendant is, that the referee failed to find separately on each count in the petition, but found a gross amount on the whole petition for which a judgment was rendered. This objection was not raised in the

Circuit Court either in the defendant's objections to the report. of the referee, or in the motion for a new trial, or otherwise The attention of the Circuit Court was in no way called to said objection, and it is too late to raise the objection for the first time in this court. The action, though the petition in form contained two counts, was founded on a continuous account for two years' services, the contract for the second year only being a slight modification of the original contract, so that no injury could possibly result to the defendant by such an irregularity. (Newton vs. Miller 49 Mo., 298; Wright vs. Baldwin, 51 Mo., 265.)

In reference to the fourth objection made by the defendant, it seems from the evidence, that he was carrying on the business of a liquor merchant; that in said business he employed plaintiff as a salesman and otherwise to assist him in his business, and agreed to give him, as compensation for his services, one-eighth part of the net profits thereof; that defendant, at the same time, or about the same time, employed one Edgar J. Noe (his brother-in-law) as a book-keeper in said business, and agreed to give said Noe as a compensation for his services one-sixth part of the net profits of the business; that during the time for which plaintiff was so employed, the defendant was away from home a considerable part of the time, and for that reason he gave said Noe a power of attorney by which he authorized Noe to transact his entire business during his absence; that Noe was given full authority to draw money out of the bank, to execute notes, bills and drafts in the defendant's name, and transact the business generally for defendant and in his name, in the same manner as defendant could or would do himself; that he also did some business for defendant not connected with the business house. It also appears that during the time that Noe was in the employment of defendant he drew money out of the bank which belonged to or was money used in the liquor business, over and above the full amount of his wages, or one-sixth part of the net profits of the business, to the amount of $3,640.62, which was converted to his own use, or not ac-

counted for; after which he died; that this sum was charged upon the books of defendant to the account of profit and loss, one-eighth of which was charged to plaintiff or deducted out of his share of the profits which would otherwise have been made. The referee deducted this charge from the account charged against the plaintiff, and this deduction is what is complained of.

It is insisted by the defendant, that this money used by said Noe was properly charged to the account of profit and loss, just in the same manner as other bad debts were charged. This position would, in ordinary cases, be correct, but it is insisted by the plaintiff, that as the defendant had, by power of attorney, given Noe full power over the money of the concern, with full power to draw money out of the bank, make acceptances, draw checks, make bills and execute notes, &c., in the defendant's name, what Noe did in the premises was the act of the defendant, and if money was so drawn out of the concern, that in effect, it was the defendant drawing the same, and if it was converted in this way by Noe and lost to defendant, that it was his loss, as the plaintiff had never consented to such authority being given to said Noe. The referee took this view of the case and struck out from the charges against plaintiff the one-eighth part of the money so used by said Noe. Under the particular circumstances of this case, we cannot say that the referee did wrong.

As to the fifth objection made by the defendant, it seems from the evidence, that during the time that plaintiff was employed for the defendant, the latter at different times borrowed money to use in his said business, on which he paid by way of discount and interest the sum of $2,874.91; this sum was also charged to account of profit and loss, and in this way, charging one-eighth part thereof to plaintiff, this amount was stricken from the account against plaintiff, which is the ground of the fifth objection made by the defendant. From the evidence in the case there is no pretense that plaintiff was to furnish any part of the capital used in the business or anything besides his labor and services. If the defendant could borrow

the money to carry on the business and charge the interest thereon to account of profit and loss, he would thereby cause plaintiff to, in effect, furnish one-eighth part of the capital with which to carry on the business. This the plaintiff had not agreed to do, but the defendant had, at least by his contract, impliedly agreed to furnish what capital was used in the business, and the plaintiff had only agreed to furnish his labor. We, therefore, think the referee did right to strike said item from the account against the plaintiff.

The only remaining point made by the defendant in this court is, that the referee erred in giving the plaintiff interest on his account against the defendant after the 1st of February 1869. Our statute provides that creditors shall be allowed interest on accounts after they become due and demand made. The evidence in reference to the time at which plaintiff's account became due, and the time at which demand of payment was made by the plaintiff was conflicting; there was evidence which certainly tended to prove that the plaintiff's account was due, and payment demanded before the first of February, 1869, and the referee found the facts in favor of the plaintiff, and we see nothing to justify us in reversing the judgment on that account.

The other judges concurring, the judgment is affirmed.