John W. Morse, Respondent, *v.* Carl Diebold *et al.*, Appellants.

## May 16, 1876.

1. Where the testimony on opposite sides of a material issue is flatly contradictory, the finding of the jury is conclusive, and cannot be reviewed by an appellate court.

2. Evidence of former transactions by an agent, similar to the one in controversy, is admissible as tending to show the extent of his authority, when there is other evidence tending to prove that such transactions were known and approved by the principal at the time of their occurrence.

3. A letter written by the principal, declaring that the agent was invested with certain powers, is proper evidence against the principal to that effect, although not addressed to the adverse party in the cause.

4. If a principal knowingly allow his agent to indorse and discount notes, taken in the course of business, with the name of the principal, and take no steps to make known that the agent has no authority so to do, he will be liable on an indorsement so made by the agent.

5. It was not erroneous to refuse an instruction to the effect that "authority given to an agent to discount at one place, or with one person, does not imply the authority to discount at another place, or with another person," when the only tendency of the testimony, if any, was to prove a general authority to discount at all places and with all persons, as occasion might require.

Appeal from St. Louis Circuit Court.

*Affirmed.*

*Joseph T. Tatum*, for appellants, cited: Story on Ag. sec. 87; 1 Pars. on Con. 48; Black *v.* Vandervater, 1 Sandf. 265; Lawrence *v.* Gebbard, 41 Barb. 517; Humphreys *v.* Haven, 12 Minn. 298; Paige *v.* Stone, 10 Metc. 160; Combs *v.* Scott, 12 Allen, 493; Sone *v.* Palmer, 28 Mo. 539, last paragraph on 542; Pope *v.* Risley, 23 Mo. 185; Swearingen *v.* Knox, 10 Mo. 31; Wahrendorf *v.* Whitaker, 1 Mo. 146; Sweeting *v.* Pearce, 9 C. B. (N. s.) 534; Graham *v.* United States Savings Assn., 46 Mo. 186; 1 Pars. on Notes & Bills, 119; Atkins *v.* Nicholson, 31 Mo. 448; Chouteau *v.* Filley, 50 Mo. 174; Davidson *v.* Stanley, 2 Man. & G. 721; Hunt *v.* Chapin, 6 Lans. 139.

*D. D. Duncan*, for respondent, cited: Chitty on Bills, 25; 2 Greenl. on Ev. sec. 60.; Franklin *v.* Globe Life Ins. Co., 52 Mo. 461; Sumner *v.* Saunders, 51 Mo. 89; Bronson *v.* Chappell, 12 Wall. 681; DeBaum *v.* Atchinson, 14 Mo. 543; Fatman *v.* Leet, 41 Ind. 133; Medbury *v.* New York & Erie R. R. Co., 26 Barb. 564; Merchants' Bank *v.* State Bank, 10 Wall. 649.

Lewis, J., delivered the opinion of the court.

The petition charged defendants as indorsers of a promissory note for $370, executed in their favor by M. B. Lindsay, and by them indorsed and delivered to plaintiff. The indorsement was thus: "Diebold & Kienzle, by Geo. F. Cochnower, Agt. D. & K." The sworn answer of defendants denied all knowledge of the note or of its indorsement; denied that they had ever delivered it to plaintiff, or that it was ever indorsed or delivered by any person having authority from them so to do. A reply was filed, alleging that the indorsement was made by an agent duly authorized by defendants for that purpose. The cause was tried before a jury, whose verdict was for the plaintiff.

It appeared from the testimony that defendants were manufacturers of iron safes, in the city of Cincinnati, and that George F. Cochnower was their agent, having a store or salesroom for their wares in St. Louis. The testimony was full of conflicting statements touching the extent of the agent's powers. Cochnower testified that he was defendants' "general agent, with full powers, except the power of making notes." He said, further: "I was held out, and did in reality have full power, to transact all the business of Diebold & Kienzle in St. Louis, the same as if it were my own. The only restriction upon me was that I could not make notes. * * * I signed checks, indorsed checks, notes and drafts, and gave receipts, all with the personal knowledge of the said firm, and without any objection from them. * * * When I took notes, they were always made payable to the order of Diebold & Kienzle, and, if

necessary, I had them discounted by indorsing them with the name of Diebold & Kienzle, by me as their agent. All this I did with their knowledge, and this was the usual course of my business.'' The witness identified the note in suit as one which was so indorsed and discounted by him in the course of his business as agent, and stated that he had accounted for the proceeds in his monthly statement to his principals. The defendants also testified. Each of them declared that Cochnower's agency was limited to the sale of safes and the soliciting of orders, and each flatly and specifically contradicted every statement of his that was inconsistent with that limitation. They denied that any report was ever made to them of the note in suit, or of the transaction in which it was given, or that any proceeds of either had ever come to their hands. These general statements were aided, respectively, by testimony of corroborative tendencies on both sides. It is unquestionable that, if the plaintiff's testimony was all true, he was entitled to recover. It is equally unquestionable that if, on the other hand, the defendants' testimony must be held conclusive, the verdict was wrong. Such a comparison and its results will, in all cases, furnish a final test of the jurisdiction of an appellate court over the question at issue. This direct conflict between the material and controlling testimony adduced on one side and that upon the other infallibly makes the jury the tribunal of last resort, upon the question of fact, and closes the avenues of reviewing inquiry against an appellate court. Our reports teem with judicial rulings to this effect, repeated again and again; and they must, doubtless, yet be repeated, as long as appeals and writs of error shall be found in our system of jurisprudence. If counsel, in the strong impulses of faithful advocacy, could oftener pause to apply the test here indicated to their records of testimony, there would be, I think, a very large reduction in the number of appeals, and of twice-disappointed litigants.. In the present case

we are furnished with an exhaustive argument upon the law of agency, demonstrating with conclusive force that the defendants were entitled to a verdict upon the theory of facts which their evidence tended to establish. But, unfortunately, its application here is completely superseded by the jury's disposition of that theory. Their verdict has placed it beyond our reach for any purpose.

Defendants saved exceptions to the admission of testimony showing transactions previous to the one in controversy, wherein the agent Cochnower had obtained similar discounts, indorsing the names of his principals upon notes, which were afterwards paid at maturity. It is true that this testimony was valueless without a further showing that the defendants knew and approved of those transactions. But a party is compelled to develop his chain of testimony link by link. This was merely a link, but it was a material one, and therefore could not be excluded because the others were not exhibited in the same moment. Connecting it with the testimony of Cochnower, and with other facts distinctly proved, we cannot perceive how its introduction could possibly have prejudiced the defendants' rights.

It is insisted that the court erred in admitting a letter appearing to have been written by defendants to Messrs. Hermann & Co., stating that their St. Louis agent, Cochnower, "had the right to discount paper taken from customers in payment for safes," but could not "raise money on notes given by him in the firm name." The testimony was clearly competent and admissible. A witness who had had a business correspondence with defendants, testified that this letter was in the same handwriting with those which he had received, and appeared to have been written by the person who conducted the defendants' business correspondence. It was immaterial that the letter was not addressed to the plaintiff, or that he had not acted upon any knowledge of its contents. Its competency was apparent in the fact that it contained an admission made to a third

party against the interest of the party making it. When, afterwards, the writer of the letter, admitting his general authority to correspond for defendants, yet expressed some doubt of his right to write the letter in question, this created no necessity for excluding the testimony. It still left the question of his authority in that special instance to be determined by the jury.

The court instructed the jury, for plaintiff, as follows:

1. "If the jury believe from the evidence that defendants, Diebold & Kienzle, knowingly allowed George F. Cochnower to indorse with their firm name, and to discount notes taken in the way of business, and failed to notify the public that he was not authorized so to do, they are bound by such indorsements, and the jury must find for plaintiff, if they also believe that the note sued upon was so taken in the way of business, and indorsed and discounted.

2. "If the jury believe from the evidence that Cochnower was the general agent for defendants, Diebold & Kienzle, and was authorized to indorse and discount notes taken in the course of business, and that he did so indorse and discount the note sued upon, in pursuance of such agency, they will find for plaintiff."

We can find no fault in these instructions. That they contain no more than the plaintiff was entitled to is so manifest as to admit of no argument. Defendants, assuming that there was no possible method by which they could have notified the public of Cochnower's lack of authority to discount their notes, object on that account to the first instruction. There is nothing in the objection. Means of communication with the public were on every hand, and, if all others were deemed inadequate, they could have placed the matter beyond dispute or inquiry by a dismissal of their agent. That the defendants "failed to notify the public" of the fact supposed is but another way of saying that they tacitly assented to the indications of the contrary.

For defendants the court instructed the jury that it was

incumbent on the plaintiff to show that Cochnower had authority to indorse for his principals the note sued on; that his authority to transact the business of defendants did not necessarily imply a power to indorse notes, etc.; that the agent's authority was limited to the particular business in which he was employed, and the principals were bound only for such acts as came within the scope of his employment. The court refused to give an instruction, asked by defendant, to the effect that "authority given to an agent to discount at one place, or with one person, does not imply the authority to discount at another place, or with another person." This action of the court was proper. There was no evidence of authority in Cochnower to discount at any one place, or with any one person, that did not equally tend to prove his general authority to discount at all places, and with all persons, as occasion might require.

The case was fairly tried in all respects, so far as we are informed by the record. All the judges concurring, the judgment is affirmed.