SCHLICKER v. GORDON et al., Appellants.

1.   **Principal and Surety**; MOTION BY SURETY AGAINST PRINCIPAL : JURY TRIAL : PRACTICE.   The statute which authorizes a surety who has paid a judgment rendered against himself and his principal to proceed summarily by motion for judgment against the principal, clothes the court in which such a motion may be filed with jurisdiction to hear and determine all questions that may grow out of it.   If a question of fact arise, it may be submitted to a jury if either party demands it.   So held, in a case where the alleged suretyship was denied.   R. S. 1879, §§ 3904, 3905.

2.   ———.   Plaintiff being engaged in carrying out a contract for the erection of a school building, called upon the school board for money.   The board not being in funds, two of the members, to—

gether with the contractor executed a joint note on which the requisite amount was raised and paid to the contractor, he agreeing to pay the note when it should become due, out of money that would be coming to him under his contract with the board His name appeared last on the note. *Held,* that he could not claim to be considered a surety for his co-signers.

*Appeal from Moniteau Circuit Court.*—HON. G. W. MILLER, Judge.

REVERSED.

*Owens & Wood* for appellant.

It is now well settled in this State that whatever may be the form of a note, it may be shown who received the money loaned, and who ought to pay it; and, without reference to the order of the names on a note, who is in fact the real principal in the debt. *Garrett v. Ferguson,* 9 Mo. 128; *Scott v. Bailey,* 23 Mo. 150; *Coons v. Green,* 9 Mo. 198; *Mechanics' Bank v. Wright,* 53 Mo. 153. If the defendants borrowed the money of Holloway for plaintiff, and plaintiff received the money and agreed to pay the debt out of the proceeds of his contract, then he was in equity bound to pay the debt, and was the real principal, and it is immaterial whether the defendants were principals as to Holloway or whether the plaintiff signed the note after the defendants, or as security, or whether he signed the note at all. *Higgins v. Dellinger,* 22 Mo. 397; *Harnsberger v. Yancey,* 33 Gratt. 527; *s. c.,* 11 Reporter 29. The instruction given for plaintiff entirely ignores the issues presented by the defendants in the pleading and in the evidence. It in effect declares that if the defendants borrowed the money from Holloway, and the plaintiff signed the note as security, then he must recover in this form of action notwithstanding the fact that the money was borrowed for his use, and he was in equity and good conscience bound to pay it.

*Edmund Burke* and *Draffen & Williams* for respondent.

The instruction asked by defendants was properly refused. The question was not, who ultimately received the money; but, whether defendants borrowed it in the first place and paid it to Schlicker upon a debt due to him.

NORTON, J.—This proceeding was instituted in the Moniteau circuit court under sections 3904 and 3905, Revised Statutes 1879, for judgment against defendants on account of money alleged to have been paid by plaintiff as their security upon a judgment rendered in said circuit court against defendants and plaintiff. Upon the trial plaintiff had judgment, from which defendants have appealed.

It appears from the record that plaintiff had duly notified defendants, as provided in section 3905, of his intention to file a motion for judgment against them under section 3904, and that on such motion being filed defendants appeared thereto and filed separate answers denying that plaintiff was their surety on the note on which judgment was obtained, or that as such surety he had paid any money on said judgment; and averring that plaintiff was the principal in said note and that defendants were his sureties. When the issues thus made came on for trial, defendants objected to the court proceeding any further with the cause, on the ground that it had no jurisdiction to try the question presented on such a motion. This objection was overruled, and the action of the court in this particular is assigned for error.

1. PRINCIPAL AND SURETY: motion by surety against principal: jury trial: practice.

Section 3904, Revised Statutes, provides that in all cases where judgment is given in any court, whether of record or not, upon any bond, bill or note for the payment of money or delivery of property, against the principal debtor and any surety therein, and such surety shall pay

the judgment, or any part thereof, he shall be entitled, on motion, to a judgment in the same court against the principal debtor for the amount he has paid with ten per cent interest thereon from time of payment, together with costs. This section necessarily clothes the court, in which such a motion, as is authorized by it to be filed, is pending, with jurisdiction to hear and determine all questions growing out of the motion. If the question presented be one of fact, we can see no reason why it might not be submitted to a jury if either party should demand it. The court did not err in overruling the objection. The proceeding is summary, and the jurisdiction of the court to hear and determine such motions has been upheld in the following cases, in which similar objections to the one made in this case were involved. *Hensley v. Baker*, 10 Mo. 157; *McCune v. Hull*, 20 Mo. 596; *Edwardson v. Garnhart*, 56 Mo. 81.

The evidence offered on the trial tended to show the following state of facts: That plaintiff had contracted 2. ——. with a school board, of which defendants Gordon and Finke were members, to build a school house, for which he was to receive the sum of $15,350, payments to be made as work progressed; that the members of the board, to enable plaintiff to proceed with his work, had on several occasions indorsed notes for plaintiff which he always paid; that in September, 1876, plaintiff called upon Gordon and Finke for $1,500; that the school board had no money on hand; that the amount called for was borrowed from one Holloway, and the note given for it, and upon which judgment was afterward recovered, was executed by defendants Gordon, Finke and plaintiff, in the order here named. The evidence was conflicting as to whether the said sum of $1,500 was due plaintiff under the contract at the time it was obtained. Schlicker testified that it was, and defendants that it was not. The evidence was also conflicting as to whether said note was signed by Schlicker as security for defendants or by defendants as sureties for Schlicker. Plaintiff testified that

he signed it as security for defendants, and defendants testified that they signed it as sureties for plaintiff. While the evidence was conflicting on these points there was no conflict as to the fact that defendants were not indebted to plaintiff individually, nor as to the fact that the money borrowed from Holloway was for plaintiff, and that it was received by him with the understanding and agreement that he was to pay the note out of the money that would be coming to him under the contract, plaintiff testifying on this subject that in pursuance of that understanding he paid at one time $100, and at another $400, on the note and gave defendant Gordon the money to pay the balance.

Defendants, on this state of facts, asked the court to declare in effect that if defendants executed the note for the purpose of procuring the money for plaintiff and for his accommodation, and he received the money procured, and at or before the time plaintiff signed the note he agreed to pay it out of the money coming or due to him on his contract to build the school house, and he failed to do so, he could not recover. This the court refused to do, and in so doing, we think, committed error, for which the judgment will be reversed and the cause remanded, in which all concur, except RAY, J., absent.