AUGUST SCHLICKER, Respondent, v. C. M. GORDON ET AL., Appellants.

Kansas City Court of Appeals, November 23, 1885.

1. PRACTICE—INSTRUCTIONS—HOW TO PRESERVE ACTION OF TRIAL COURT FOR REVIEW.—It has been repeatedly held by the appellate courts of this state, that in order to preserve the action of the trial court for review, as in the case of refusing instructions, the party appealing must, in his motion for new trial, call the attention of the trial court to this specific error. *Griffin v. Regan*, 79 Mo. 173; *Acock v. Acock*, 57 Mo. 154.

2. —— WEIGHT OF EVIDENCE FOR THE JURY.—The jury are the sole judges of the weight of evidence, and of the credibility of the witnesses, and this court cannot interfere with their conclusions. Any other course would break down all the barriers which the wisdom of ages has established as safe and valuable, between the province of the bench and the jury.

3. —— EXCLUSION OF EVIDENCE—PROPER COURSE IN OBJECTING TO.—It is not error to refuse to exclude evidence for all purposes, which is admissible for a limited purpose, as to bind the witness, but not another. In such case the proper course is to limit the effect by instruction.

4. EVIDENCE—ADMISSIONS AGAINST INTEREST.—Being a party to the record, and the party in interest, the admissions and statements of the plaintiff against his interests, and in conflict with his present claim, or attitude, are admissible in evidence against him, whenever and wherever made.

ON MOTION FOR RE-HEARING.

5. PRACTICE—WHETHER SURETY OR NOT A QUESTION OF FACT FOR THE JURY—WAIVER OF EXCEPTIONS.—The capacity in which a note was executed, whether as surety or principal, was a question of fact for the jury. In order to have any question of law arising on the proofs reviewed, it must have been raised by instruction. And if no exception is taken to the giving or refusal of instructions in the motion for new trial, they must be held, on appeal, to be waived.

6. —— ONLY THE ISSUES BELOW REVIEWABLE.—A party will not be permitted in this court to assume a position different from that on which he rested his case in the trial court. He must stand, or fall, in this court, by the theory on which he tried and submitted his case in the court below.

Appeal from Moniteau Circuit Court, Hon. E. L. Edwards, Judge.

*Affirmed.*

The facts are sufficiently stated in the opinion of the court.   See, also, 74 Mo. 534.

L. F. Wood and Smith & Krauthoff, for the appellants.

I.   The jurisdiction of the circuit court to hear and determine all questions arising on the motion for judgment in this case is well settled.   *Schlicker v. Gordon & Finke,* 74 Mo. 534.   Defendants were authorized to make any defence under the general denial which the facts in evidence justified.   *Wolf v. Schaeffer,* 4 Mo. App. 367; *Wheeler v. Billings,* 38 N. Y. 263; Bliss on Code Pleading, sect. 327.

II.   It is also well settled that whatever may be the form of the note, it may be shown who received the money, and who ought to pay it, without reference to the order of the names on it.   It may be further shown who is, in fact, the real principal in the note.   *Garrett v. Ferguson,* 1 Mo. 128; *Scott v. Bailey,* 23 Mo. 150; *Coons v. Green,* 9 Mo. 198; *Bank v. Wright,* 53 Mo. 153.

III.   Plaintiff was a surety holding an indemnity which made him the real principal as to the defendants. Hence he could have no recourse as surety against Finke as principal.   *Whilton, Adm'r, v. Chapman,* 13 Mo. 470; *Cogswell v. Ruggles,* 62 Ill. 401; Story on Eq. Jur. (12 Ed.) sect. 502; *Parham v. Green,* 64 N. C. 436; Pitman on Principal and Surety, 133.

IV.   The instructions for plaintiff ignore the issues presented by defendants in the evidence.   Instructions should embrace the *whole of the issues* for the defendant as well as for the plaintiff.   *Clark v. Hammerle,* 27 Mo. 70; *Fitzgerald v. Hayward,* 50 Mo. 517; *Gilson v. Ry. Co.,* 76 Mo. 282.

V.   The judgment is against the evidence and

should be reversed regardless of whether the law was properly declared or not. *Hart v. Leavenworth*, 11 Mo. 629 ; *Robbins v. Phelps*, 68 Mo. 100 ; *Moore v. Hutchison*, 69 Mo. 429.

VI. The court erred in the admission and exclusion of evidence, especially in its refusal to grant defendants permission to ask plaintiff in cross-examination, as to certain admissions, or statements on a former trial. *Hays v. Walker*, 2 Mo. 222 ; *Peck v. Ritchey*, 66 Mo. 114.

VII. *On motion for re-hearing:* As long ago as 1848 the right to grant a new trial where the verdict could not be upheld, applying the law to the facts proved was asserted by the supreme court, and the power rested "*on the sole ground of the verdict being against the evidence.*" *Hart v. Leavenworth*, 11 Mo. 629 ; *Morris v. Barns*, 35 Mo. 412 ; *Harlan v. Ry. Co.*, 65 Mo. 22 ; *Moore v. Hutchison*, 69 Mo. 429 ; *Henry v. Bell*, 75 Mo. 194 ; *Hacker v. Brown*, 81 Mo. 68.

VIII. The ground of motion for new trial was that the "verdict is against the evidence," not against the "weight of the evidence," but *all of it.* In such case there is no evidence to support it. 3 Graham & Waterman New Trials, 1230 ; *Burns v. Patrick*, 27 Mo. 434.

EDMUND BURKE and DRAFFEN & WILLIAMS, for the respondent.

I. The question in this case is really as to the *weight* of evidence. The testimony was conflicting. This court will not undertake to *weigh* the evidence, especially when the case has been tried twice, and the plaintiff's version accepted as true on each occasion. *Brown v. R. R. Co.*, 50 Mo. 461 ; *Zalle v. Hilger*, 3 Mo. App. 599 ; *Crane v. Timberlake*, 81 Mo. 431.

II. Precisely the same instructions were given for the plaintiff at the second trial, as upon the first. The only error mentioned by the supreme court, upon the former appeal, was the refusal of an instruction asked

by defendants. This was cured on the second trial. *Conroy v. Vulcan Iron Works*, 75 Mo. 651.

III. The attention of the trial court was not called, by the motion for a new trial, to its action in the giving and refusing of instructions. Its action in that regard is not subject to review here. *Griffith v. Regan*, 79 Mo. 73; *Acock v. Acock*, 57 Mo. 154; *Burnes v. Wheelan*, 52 Mo. 520.

IV. The instructions submitted the case fairly to the jury. The jury could not have misunderstood them. There was no error in admitting the statements of Gordon as against himself. Finke might have limited the effect of it by proper instruction. *Babb v. Ellis*, 76 Mo. 459. Besides, there is testimony that Gordon was acting for Finke, as well as himself, and his declarations were competent upon that ground also. The evidence as to other transactions of same character offered, was irrelevant.

V. The refusal to permit evidence of statements at a former trial, was no prejudice to defendants. Simply asking the question was not sufficient. Besides, he swore to the same thing on this trial, and they had the benefit of the evidence.

VI. The plaintiff had no *indemnity*. The money was in *defendant's* hands. There was evidence tending to support plaintiff's theory of the case. This court will not interfere on the ground that the verdict is against the evidence. *Schulenberg v. Conroy*, 71 Mo. 414.

PHILIPS, P. J.—I. This cause has been in the supreme court of this state on appeal taken by the defendants, and is reported in 74 Mo. 534. It appears from the opinion therein that the judgment was reversed solely on the ground of the error committed by the trial court in refusing a certain instruction asked by the defendants. On the re-trial of the case in the circuit court, this instruction, with those given on the former trial, was conceded to the defendants. On this trial, however, defendants requested other instructions, and

the principal error complained of on this appeal is the imputed error of refusing one of said instructions.

But this question cannot be considered. It has been repeatedly held by the appellate courts of this state, that, in order to preserve such action of the trial court for review here, the party appealing must, in his motion for new trial, call the attention of the trial court to this specific error. *Griffin v. Regan*, 79 Mo. 73; *Acock v. Acock*, 57 Mo. 154.

The record before us wholly fails to show that the attention of the court was called to this error in the motion for new trial.

II. The case was submitted to a jury for trial. There was evidence tending to sustain the issues on the part of the plaintiff, and, it may be conceded, that, in our view, the weight of evidence tended to sustain the theory of the defence; but the jury, who are the sole judges of the weight of evidence, and the credibility of the witnesses, have believed the plaintiff's evidence, and discredited that of the defendants; with their conclusion, especially after two trials, in which the issues of fact were found for the plaintiff, we cannot interfere. Any other course would break down all the barriers which the wisdom of ages has established as safe and valuable between the province of the bench and the jury.

III. On the trial, evidence was introduced by plaintiff as to certain statements made by the defendant, Gordon, tending to show that he and Finke were the principals, and plaintiff was surety on the note in question. This evidence was objected to by defendant, Finke, on the ground that he was not present, and could not be bound by any statement or declarations of his co-defendant. The overruling of this objection is assigned for error. The statements of Gordon, one of the defendants, in an action where there might be, as in this, either a joint or several judgment, were certainly competent to bind him, and were admissible for that purpose. The objection of the defendant, Finke, was too broad, as it went to the exclusion of the statement for

all purposes. If he wished to have its effect properly limited, he should have asked the court to do so by an appropriate instruction, which he did not do. *Babb v. Ellis,* 76 Mo. 460.

IV. At the trial, defendant sought to elicit from one of the witnesses the fact that defendants were sureties on other notes of the plaintiff, given, perhaps, to raise money in and about the prosecution of his contract for the erection of the building in question. I think this was rightly refused by the court. It tended to complicate the case with collateral issues, and, because if the defendants had been, or were, sureties for the plaintiff on other notes not connected with the o ne in controversy, and resting on entirely independent contracts, this could not legitimately aid the jury in determining the sole issue at trial, as to whether the relation of principal and surety existed, and, if so, who was principal and who was surety on this particular note. Such evidence was liable to do great mischief. The rule of safety in such cases is to adhere to the strict rule of evidence in order to avoid collateral issues, calculated to mislead the jury and prevent justice.

Especially cannot this avail the defendants when the record shows that they, in effect, had the full benefit of such proof through other sources at the trial. *City of Linneus v. Dusky, ante* p. ——; *Carson v. Cummings,* 69 Mo. 325.

V. On the cross-examination of the plaintiff, who testified in his own behalf, he was asked if he had not, on a former trial of this cause, testified to certain facts, seemingly in conflict with his present statements or attitude. The court sustained an objection interposed to this question by plaintiff's counsel, on the ground that defendant's counsel read the question from their notes of the evidence taken at the former trial. It was immaterial from what paper, or memoranda, counsel drew the substance, or language of his question. He had a right to formulate it on any memorandum, or paper calculated to aid his memory as to its true import, or phraseology.

But it occurs to me that it is remarkable, if the defendants attached any importance to the inquiry, that they did not at once obviate the objection as to the mere manner of getting at the question, by presenting it in another form. The inquiry itself was not prohibited, but only the manner of it.

Again, it does not appear from the bill of exceptions that defendants followed up the effort with any statement made to the court, that they proposed to show thereafter that the witness had made the statement indicated by the question. For aught that appears here, if this action of the trial court were held to constitute reversible error, the defendants might secure a reversal, where, in fact, they had no such contradictory evidence, and might not even attempt to offer any. We think such practice comes within the denunciation of the rulings in *State ex rel. Farwell v. Leland* (82 Mo. 250); and *Jackson v. Hardin* (83 Mo. 175).

Aside from these suggestions, it appears from the bill of exceptions that further on this witness admitted the substance of the facts predicated of the question to be true. The defendant thus having had the practical benefit of the admission, has no ground of complaint at the exclusion of the question. It may be as well to observe, in this connection, that there is a misconception in the minds of some practitioners as to the necessity or importance of laying any foundation for the admission of such contradictory statements. Being a party to the record, and the party in interest, the admissions and statements of the plaintiff against his interests, and in conflict with his present claim or attitude, are admissible in evidence against him whenever and wherever made. 1 Greenl. on Ev., sect. 171, note 2; *Kritzer v. Smith*, 21 Mo. 296-301; *Morse v. Diebold*, 2 Mo. App. 163.

So it would have been perfectly competent for the defendants, in developing their defence at any stage of it, to put in evidence the former statements and admissions of the plaintiff contradicting his present state-

ments, and inconsistent with his present claim. This the defendants did not even attempt; but seem rather to have been content with the supposed error committed by the court in rejecting the inquiry made on cross-examination. Their conduct in this respect gives color to the suspicion that they preferred some technical ground of error to an earnest effort to secure a fair trial.

The judgment of the circuit court is affirmed. All concur.

### ON MOTION FOR RE-HEARING.

PER CURIAM—I. The motion for re-hearing is mainly based on the proposition that notwithstanding the appellants failed to preserve for review any exceptions to the giving or refusing of instructions by raising the objection in the motion for new trial, yet, although the evidence showed that plaintiff may have signed the note as surety, he was a surety, holding an indemnity, whereby he became the real principal, and, therefore, he cannot sustain the motion for judgment as surety.

We gave no special consideration of this point in the opinion, because it was a question of fact for the jury as to the capacity in which plaintiff executed the note. There being evidence that he did sign it as surety for defendants, and not otherwise, in order to have any question of law arising on the proofs reviewed in this court, it was indispensably necessary that defendants should have raised the same by instruction. *Harrington v. Minor*, 80 Mo. 270 ; *Cunningham v. Snow*, 82 Mo. 593. As no exception was taken to the giving or refusal of instructions in the motion for a new trial, they must be held, on appeal, to be waived.

II. Furthermore, among the instructions asked by the defendants, and given by the court is one expressly asserting that "*the only issue* in this case is, as to whether the defendants signed the note as surety for Schlicker." If that was the only issue, as affirmed and admitted by defendants, to-wit, whether defendants signed the note in question as surety for plaintiff, with what consistency and grace, after they were beaten at

the trial on their chosen field of contest, can they demand a reversal in this court on the ground that there was another issue in the case, to-wit, that although the jury find the defendants signed as principals, and plaintiff as surety, yet as plaintiff held an indemnity this, in equity, converted him into a principal. A party will not thus be permitted to assume two positions as may better meet the contingencies of success, or defeat, where he has expressly laid down the gauge on one of them alone. He "must stand or fall in this court by the theory on which he tried and submitted his case in the court below." *Walker v. Owens*, 79 Mo. 568.

III. Even if we could pass over, or around these legal obstacles to consider the merits of the position now assumed by appellants, that the evidence indisputably showed that plaintiff held an indemnity in contemplation of the rule of equity invoked, we are of opinion that the evidence is not so clear as to authorize this court to take the issue from the jury.

The plaintiff's evidence tended to show that defendants borrowed the money, and asked him to sign as surety, which he did. Defendants now claim that the note was to be paid off out of moneys to be received on plaintiff's building contract with the school board. The evidence of plaintiff tended to show that Gordon got hold of the money on warrants from the school board; and when plaintiff applied to defendant, Finke, to know why the note was not paid, he was told by Finke, with some abruptness, that it was none of his business, and that he need not concern himself about the matter. Plaintiff's evidence rather tended to show that Gordon kept this money and had not paid it to anyone. Under this state of proof, a court of equity, no more than a jury, would likely hold that defendants could protect themselves against plaintiff's demand on the ground that plaintiff held an indemnity while defendants themselves held the money arising from the indemnity.

The defendants have had two trials on the facts before a jury, and lost both times. It would require some

temerity for this court now to usurp the functions of the jury, and give the defendants a judgment on the disputed facts.

The motion is denied.