THE CITY OF ST. LOUIS v. MEINTZ *et al.*, *Appellants*.

DIVISION ONE.

1.   **St. Louis :** CHARTER : CONDEMNATION PROCEEDINGS : COSTS.   The
provision of the charter of St. Louis, that in condemnation cases
"the costs of the proceedings, up to and including the filing of
the report of the commissioners, shall be paid by the city," does
not include attorney's fees, charges of expert witnesses and
expenses of the land-owner in developing the character of deposits
of clays, but only the ordinary fees prescribed by law and compen-
sation to the commissioners.

2.   **"Costs," Meaning of Term.**   The word " costs," when used in
relation to the expenses of legal proceedings, means the sum pre-
scribed by law as charges for the services enumerated in the fee-
bill.

3.   **Costs, Allowance of.**   Costs are creatures of the statute, and
can only be allowed and taxed when and in the amount authorized
by statute, and this is true in condemnation proceedings as in
other actions.

4.    Costs: ATTORNEY'S FEES.  Attorney's fees cannot be allowed as costs in a cause, except when there is an express statute to that effect.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW,. Judge.

AFFIRMED.

*D. T. Jewett* for appellants.

The proper meaning of section 8, of article 6, of the charter of St. Louis ( R. S. 1889, p. 2121) covers reasonable attorney's fees and also other proper expenses incurred by defendants in good faith in endeavoring to obtain for their land a fair and reasonable compensation. *Leisse v. Railroad*, 2 Mo. App. 105 ; s. c., 72 Mo. 562 ; *Lackland v. Railroad*, 25 Mo. 515 ; Iron Mt. R. R. Charter, Laws, 1850, 1851 ; Statutes, 1836, sec. 10, p. 274 ; Laws, 1849, sec. 10, p. 219 ; Laws, 1836, 1837, p. 247 ; Laws, 1836, sec. 18, p. 265 ; Laws, 1836, 1837, sec. 10, p. 274 ; sec. 11, p. 262 ; sec. 12, p. 253 ; Lewis on Eminent Domain, chap. 23, secs. 559, 560 ; 31 Hun, 84.

*W. C. Marshall* for respondent.

( 1 )  The case of *Railroad v. Lackland*, 25 Mo. 515, did not involve the question of counsel fees and what was there said on that point was purely *obiter dicta.* The act before the court in *Leisse v. Railroad*, 2 Mo. App. 105, was different from the language used in the city charter in question here, and that decision is not in point, and we have no law requiring party seeking to condemn to pay all expenses, as laid down in Lewis on Eminent Domain, section 559. ( 2 ) The word " costs " when used in relation to the expense of legal proceedings means the sums prescribed by law as charges for the services enumerated in the fee-bill. *Apperson v. Ins. Co.*, 38 N. J. L. 272 ; 9 Vroom, 390. "Costs of suit "

does not mean all the expense incurred, but it means the expense pending the suit as allowed or taxed by the court. *Norwich v. Hyde*, 7 Conn. 534. At common law the plaintiff was not allowed to recover costs in any case. *Steele v. Wear*, 54 Mo. 531. Costs in England can only be recovered when authorized by statute. Costs can be recovered only where expressly authorized by statute, and all statutes relating to costs must be strictly construed. *In re Green*, 40 Mo. App. 491; *In re Murphy*, 22 Mo. App. 476; *Shed v. Railroad*, 67 Mo. 687. Costs in eminent domain proceedings are not recoverable unless given by statute which prescribes the remedy. *Metler v. Railroad*, 37 N. J. L. 222; *Herbein v. Railroad*, 9 Watts (Pa.). 222.

BLACK, J.—This was a proceeding in the circuit court to condemn a parcel of land, sixty feet wide by seven hundred and fifty-five feet in length, owned by the defendant Meintz and in the possession of defendant Sattler, for the purpose of extending the city system of water works. The defendants incurred large expenses in defending the suit and in endeavoring to satisfy the commissioners that the property contained beneath the surface deposits of valuable clays. The commissioners devoted some eight or ten days to the investigation of this claim, but in the end rejected it. They allowed the defendants $650 for the land taken. No exceptions were filed to the award, and it was confirmed by the court.

The defendants, before this confirmation, moved the court to tax as costs in their favor the following demands: Services of Prof. Wheeler as mining engineer, $509; labor and services of Sattler, and moneys paid out by defendants, $703.25; attorneys fees, $300. The court allowed the usual *per diem* fees of the witnesses, but excluded the other demands, and from that order the defendants appealed.

The charter under which this property was condemned provides: "The costs of proceedings, up to and including the filing of the report of the commissioners, shall be paid by the city, and as to any costs caused by subsequent litigation, the costs shall be paid by the losing party. The commissioners may be allowed a reasonable compensation for their services."

In support of the appellants' claim we are cited to *Railroad v. Lackland*, 25 Mo. 515, and *Leisse v. Railroad*, 2 Mo. App. 165, approved in 72 Mo. 562. In both cases the proceeding to condemn had been dismissed. At an early day it was a matter of doubt as to whether a company having the right to condemn property for public use could dismiss the proceeding after the damages had been assessed. This court held in the *Lackland case* that the company could dismiss before confirmation of the commissioners' report. And other courts hold that the proceeding to condemn may be discontinued. No one will question the proposition that in such cases the company must pay all taxable costs of the suit. In some cases it has been held that, when the company discontinues the proceedings, it becomes liable for the damages sustained by the landowner, and that the damages will include loss of rents and counsel fees, and to this class belongs the *Leisse case* reported in 2 Mo. App. In the *Lackland case* and the case following it, it was held that the company, upon the discontinuance, must pay all costs and expenses, including counsel fees. Some cases hold that the court may grant or refuse leave to dismiss, and in granting leave to dismiss may impose terms beyond the payment of taxable costs. *In the Matter of Waverly Water Works*, 85 N. Y. 479. Other courts deny the doctrine of the foregoing cases. Lewis on Eminent Domain, ch. 29, p. 834.

These observations are sufficient to show that the cases before cited have no application to the case in

hand; for here the city prosecuted this suit to an acquisition of the land, and that, too without delay. In the *Lackland case*, it is true, mention is made of the statute which provides that the court shall adjudge the "costs of the proceeding according to equity;" but it is evident that this court imposed the terms of paying counsel fees, not because of the statute, but independent of it. The *Leisse case* does not profess to stand on any statute concerning the taxation of costs, but the liability of the company was made to depend on other and entirely different considerations growing out of the fact that the company abandoned the project of taking the property.

The question here is whether the words of the charter, "costs of the proceedings," include attorneys fees, charges of expert witnesses, and expenses in developing the character and extent of the clays, and we are clearly of the opinion that they do not.

When this statute speaks of "costs of the proceedings," it means the same thing as costs of the suit or action. The word costs, when used in relation to the expenses of legal proceedings, means the sum prescribed by law as charges for the services enumerated in the fee bill. *Apperson v. Ins. Co.*, 38 N. J. L. 389. As between a party to a suit and the officer or witness, the charges allowed are usually denominated fees; but as between the parties to the suit these charges are usually called costs. Thus our statute makes it the duty of the clerk of the court to subscribe all bills of costs agreeably to fees which shall be allowed by law. R. S. 1889, sec. 2940. Costs are creatures of the statute, and can only be allowed and taxed when and in the amount authorized by statute. *Shed v. Railroad*, 67 Mo. 687; *Thompson v. Elevator Co.*, 77 Mo. 520. The rule is as applicable to proceedings to condemn property as to any other suit or action. *Metler v. Railroad*, 37 N. J. L. 222. Attorneys fees cannot be allowed as costs in a cause, save where there is an express statute to that effect. *Waters*

v. *Waters*, 49 Mo. 385. It was held in an eminent domain proceeding, when the property-owner made the application for assessment and damages, that the words, "all expenses accruing under such application," did not embrace counsel fees. *Marshall Fishing Co. v. The Hadley Falls Co.*, 5 Cush. 602.

It is, therefore, too clear to admit of any doubt that the words, "costs of proceedings," do not embrace counsel fees, nor allowances to expert witnesses beyond the *per diem* fees, nor the other expenses rejected by the court. The words include the ordinary fees prescribed by law and compensation to the commissioners, but not such expenses as are claimed by these defendants. The judgment is affirmed. All concur.