McCune & Vandeventer, Plaintiffs in Error, *vs.* Hull & Wife, Defendants in Error.

1. An action by one tenant in common to compel a co-tenant, who has received more than his share of the rents, to account, is one, jurisdiction of which is not taken away from the St. Louis Circuit Court by the act establishing the Land Court.

*Error to St. Louis Circuit Court.*

The petition alleged that the plaintiffs and defendants were tenants in common of a tract of land in St. Louis, and that the defendants had received all the rents and profits. The plaintiffs prayed for an account, and for judgment for their proportion. A demurrer to the petition, for want of jurisdiction, was sustained by the Circuit Court.

C. C. *Whittelsey*, for plaintiffs in error.

C. B. *Lord*, for defendants in error.

Scott, Judge, delivered the opinion of the court.

1. By the constitution, it is prescribed that the Circuit Court shall have exclusive original jurisdiction in all civil cases, which shall not be cognizable before justices of the peace, until otherwise directed by the general assembly. The Circuit Court, then, is the original constitutional court, possessing all jurisdiction not exercised by justices of the peace. When, therefore, other tribunals are created, clothed with a portion of the jurisdiction of this original court, and a question arises between this original court and those afterwards created, in cases of

doubt, the presumption should be in favor of the original court. This action is what would have been formerly called an action of account, given by our statute to one co-tenant against another, who has received " more than his due proportion of the *benefit* of the estate." It is a case in which no action lay at common law, for the want of privity of contract between the parties. It was a wrong merely for which the statute of the 4th of Anne, which we have adopted, gave an action. It is no action founded on contract relating to land, within the meaning of the second section of the act creating the land court; nor is it for rents, emblements, crops or annual productions of land as such. The plaintiffs had no right to these as such, but a compensation for their co-tenant receiving more than his benefit of the estate. (R. C. 1855, p. 55.) The section of the statute referred to contemplates those actions in which a right to rents, emblements, crops or annual productions as such is asserted. The use of the land was not by contract, but by wrong.

Neither is the case within the last clause of the section relating to the leasing or renting of the land, or concerning the relation of landlord and tenant, as it is clear that this relation did not exist between the parties, there being in the petition no allegation of any contract, express or implied.

It would be extremely inconvenient to give the statute conferring jurisdiction on the Land Court such a construction, as would make its powers depend, not upon the form of the action brought, but upon collateral questions, which may or may not arise in the progress of the trial. Parties would never know where to bring their actions. They would have to lay them first, in order to ascertain the court possessing jurisdiction. This is a matter of no importance, and reason and convenience require that the court having jurisdiction of the main action must determine all questions arising in it, whether they relate to land titles or any other matter.

The other judges concurring, the judgment will be reversed and the cause remanded.