PATRICK *et al.*, Respondents, v. ABELES, Appellant.

1. Although, in a suit instituted to enforce a mechanic's lien, the plaintiff may fail to show the existence of a lien in his favor, he will be entitled, if the pleadings and the evidence will warrant, to a general judgment.

2. The nature of an action is to be determined by the petition and not by the facts as they appear in evidence.

*Appeal from St. Louis Land Court.*

Plaintiffs in their petition (filed September 19, 1855) alleged an indebtedness on the part of defendant for lumber furnished to defendant for the construction of a certain building in the city of St. Louis. The plaintiff prayed judgment for the amount of the alleged indebtedness and also that execution might issue against the building, against which it was alleged plaintiffs had filed a lien demand. The suit was commenced in the circuit court. It was removed by consent of parties to the St. Louis land court. It appeared in evidence that the building in question had been constructed for defendant by one John G. Lare; that the lumber had been furnished immediately to Lare. There was evidence tending to show that it was so furnished on the credit of defendant Abeles. The account accompanying the petition was made out against John G. Lare. Plaintiffs also introduced in evidence the lien papers filed by them against the building. It did not appear that the required thirty days' notice of the claim of lien had been given to Abeles. At the close of plaintiffs' case, the court refused to instruct the jury that plaintiffs could not recover. At the close of the whole case the court, at the instance of the plaintiff, gave the following instruction: "1. If the jury believe from the evidence that the lumber sued for was furnished on the credit of Abeles and not on that of Lare, and was used in the construction of defendant's house, the defendant is liable to pay for it." The following instructions were given at the instance of defendant: "2. If the jury believe from the evi-

dence that the lumber and materials sued for in this suit were sold by plaintiffs to John G. Lare on his own responsibility and charged to him alone, they will find for the defendant. 3. If the jury believe from the evidence that the lumber, &c., sued for in this suit was purchased by John G. Lare for himself and upon his responsibility and not the defendant's, then they will find for the defendant."

The jury found for plaintiff, and a general judgment was rendered in his behalf.

*Cline & Jamison*, for appellant.

I. The court erred in refusing the instruction asked by defendant at the close of plaintiffs' case. The lien filed was against John G. Lare, the contractor. The plaintiffs were sub-contractors. They failed to give the required thirty days' notice. There was no evidence showing a tendency to show that any such notice was given. If credit was originally given to the defendant, the lien demand should have been made out against Abeles as well as Lare. The lien read in evidence was insufficient to support the plaintiffs' petition.

II. If the lumber sued for was furnished and delivered upon the credit of the defendant, and the plaintiffs endeavored to recover the same from the defendant irrespective of the lien as filed, then the St. Louis land court did not have jurisdiction over the same. Consent can not give jurisdiction. (20 Mo. 350.)

*H. N. Hart*, for respondents.

Scott, Judge, delivered the opinion of the court.

The nature of this action must be determined by the petition filed in the cause. Although the proceedings, as instituted, would, with proper evidence, have warranted a judgment for the sale of the property under the lien, yet, failing to obtain a judgment under that law, there was nothing to prevent the plaintiffs from having a general judgment if the pleadings and evidence warranted it. As the petition alleged

that the defendant owed the plaintiffs for lumber furnished him for building his house, if the fact was established it would clearly authorize a general judgment. As to the evidence, the verdict of the jury shows its sufficiency.

The circumstance that the account was made out against the contractor was not a matter in bar of the action, but a matter to be weighed by the jury in determining the question of the defendant's liability on his alleged personal undertaking. It was not conclusive evidence, as, notwithstanding such an account, the plaintiff could show that the credit was given to the defendant.

Even admitting that the court at the close of the plaintiffs' case might have instructed the jury that they failed to make out a cause of action under the law concerning liens, yet, as the instruction was refused, and in the further progress of the cause it was ascertained that the defendant was indebted to the plaintiffs and the jury so found, and such finding meets with a support in the pleadings, on what ground in law or justice should the judgment now be reversed for refusing an instruction which, had it been given, as it afterwards turned out, would have defeated the justice of the cause? The case on its merits was fairly put to the jury, all the instructions asked on either side having been given, and we see no reason for disturbing the judgment of the court.

As to the question of jurisdiction, although consent can not give it, yet after the cause was taken by consent of the parties to the land court, they might have left that question to be raised by some other person. But, as was said in the case of McCune v. Hall, 20 Mo. 596, this court will not put such a construction upon the act organizing the land court as will make it necessary for parties first to try their actions in order to find out what court has jurisdiction to hear and determine them. Here is a case which might have been heard in either court according to the evidence. Having been determined in one of them, there is no reason for reversing the judgment. It would be extremely inconvenient to make the jurisdiction of a cause depend upon the evidence

produced at the trial. This is not such a question of juris-
diction as arises between courts of different classes or grades.
The jurisdiction of one court has been distributed among
several. It was impossible to draw a clear line defining the
jurisdiction of each. There must be necessarily some cases
in such a distribution as will make it a matter of doubt
where they are to be tried. In such we see no reason why
the jurisdiction should not depend on the form of the action
and not on the facts proved on the trial.

Judge Napton concurring, the judgment is affirmed.