JAMES WALKER *et al.*, Appellants, v. PATRICK O'DONO-
HOE *et al.*, Respondents.

St. Louis Court of Appeals, December 8, 1896.

Mechanic's Lien: PLEADING. In a suit by builders against a con-
tractor and subsequent mortgagees to enforce a mechanic's lien
against a lot and improvements thereon, and to have the same
adjudged priority over the mortgage liens, where the petition stated
with sufficient certainty facts disclosing that the defendant con-
tractor, according to his own agreement, owed to the plaintiffs the
balance sued for, plaintiffs were entitled to a lien judgment against
such defendant's interest in the lot to the extent of such balance,
whatever lack of clearness there may have been in regard to items
for extras.

*Appeal from the St. Louis City Circuit Court.*—HON.
THOMAS A. RUSSELL, Judge.

REVERSED AND REMANDED.

*M. McKeag* for appellants.

Under the facts and circumstances of this case,
brought by the original contractors, a lumping charge
is permissible. *Buss v. Fette*, 55 Mo. App. 453; *Abbott
v. Hood*, 60 *Id.* 196; *Grace v. Nesbitt*, 109 Mo. 9.

The extras having been permissible under the orig-
inal contract were just as binding as the specific amount
in the original contract, and did not require any more
specific itemization than is required where a contract
fixes the amount in lump, and the codefendants had
no right to demand these extras to be more specifically
itemized than they would where a contract is made.
*Union Depot Co. v. Railroad*, 131 Mo. 311; *Railroad v.
Kimmel*, 58 *Id.* 83; *Comles Com. Co. v. Block*, 130 *Id.*
669.

*John B. Dempsey* for respondents.

The prices of the "extras" not having been agreed upon, and not being included in the general contract, entitled defendants to an itemized account with the prices charged. *Railroad v. Levy*, 17 Mo. App. 501; *Chillicothe Savings Ass'n v. Morris*, 52 *Id.* 612; *Harford v. Boyes*, 56 *Id.* 139.

The lien account, filed in the amended petition, is vitiated by the fact that it includes charges not contained in the contract, and an inspection of the account will not disclose whether said charges are lienable or not, and it is impossible to sever such charges from those made under the contract. The objection was therefore properly made by motion to strike out and make more definite and certain. *McLaughlin v. Schawacker*, 31 Mo. App. 365; *Schulenburg & B. L. Co. v. Strimple*, 33 *Id.* 154.

ROMBAUER, P. J.—The plaintiffs are builders and seek in this action to recover a judgment against the defendant O'Donohoe for a balance alleged to be due from him to them upon a building contract. They also seek to charge a lot and the improvements thereon, being the lot on which the building was erected by them, with a mechanic's lien to the extent of such balance. They further allege that the defendants other than O'Donohoe held certain mortgage liens on the property which were placed thereon subsequent to the commencement of the erection of the building, and they pray that their mechanic's lien may be adjudged priority over such mortgage liens.

The petition is very inartificially drawn, but it sufficiently states the facts entitling the plaintiffs to a lien judgment, provided certain items, which the petition states were inadvertently but honestly included in

their lien account, can be segregated from the lienable items in the account.    The lien filed as we gather from the petition, was for a balance of $2,415.25.    Subsequent to the filing of the lien account, however, a settlement was had between the plaintiffs and O'Donohoe, by which it appeared that the true balance due plaintiffs was only $2,166.66, and that the difference between the lien claim and the ascertained balance due was owing to the fact that certain items claimed by the plaintiffs as extras were disallowed by the architect, to which disallowance the plaintiffs assented.

In order to call this condition of affairs to the attention of the court, the plaintiffs' petition, among others, contained the following averment:

"That subsequent to the filing of the lien which contains the amounts as above stated, for work and labor done and material furnished in the erection of said building by the plaintiffs and their subcontractors and employees, a readjustment and settlement of accounts growing out of the same was had between the plaintiffs and Barnett and Haynes, the architects and agents of Patrick O'Donohoe of the defendants, when the following extras were agreed upon as having been done, which were not embraced in said original contract as follows, to wit:

By the plaintiffs and subcontractors Martin Davis included in
   excavating and grading....................................$  48.67
Barney Schulz, included in rubble masonry, etc ...........  ....  106.00
Naughton & Dolan, included in slating roof.......  ............    4.00
J. Hartnett, included in plastering ...  .......................    4.50
Duross & Olcott, included in mill work..................  ......   43.60
E. Murphy, included in galvanized iron work.....  .............   19.00
Christopher & Simpson, included in iron work..................   16.05
Walker & Page, included in carpenter work ...................  130.00

$ 371.82

"That all of said extras were done through and by the plaintiffs, and are included in above charges, extras

claimed by Sparks, who done the brickwork, were not allowed as charged in said lien at said last settlement."

Thereupon, all the defendants joining in the motion, moved to strike this averment from the petition, on the ground that the allegations therein are irrelevant and redundant, and that the statement of account set out in said parts of the petition is different from the one set out in the lien account. All the defendants joining in one motion thereupon likewise moved to make the petition more definite and certain, for the reason that it expressly stated that the contract price was only $15,070, while the itemized account set out therein stated an aggregate value of $15,640.41, and it was nowhere stated in the petition what items the additional sum of $570.41 covered. The court sustained both these motions, and the plaintiffs declining to plead further, the court rendered judgment against them and in favor of all the defendants. The plaintiffs duly excepted to this action of the court at the time. They made an ineffectual motion for new trial, and thereupon appeal, and assign for error the rulings of the court on the motions of defendants, and in its final judgment.

That the action of the court was erroneous throughout, is evident. Whatever right the defendant mortgagees may have had to require the petition to state the items of the account sued on more clearly, the facts were stated with sufficient clearness against O'Donohoe as a contracting party to enable the plaintiffs to obtain a judgment against him. The facts thus stated fully disclosed that O'Donohoe according to his own agreement owed to the plaintiffs the balance sued for. That the plaintiff is entitled to a general judgment against the other contracting party even though he fails to show the existence of a lien, has been established in this state by a long line of adjudications beginning

with *Patrick v. Abeles*, 27 Mo. 184. Nor can we see how upon the facts stated the plaintiffs were not at least entitled to a lien judgment against O'Donohoe's interest in the lot, to the extent of the balance of the contract price remaining unpaid. There is no want of clearness on that subject in the petition, whatever want of clearness there may be in regard to the items for extras.

It necessarily results from the foregoing that the judgment of the court was erroneous in any view of the case and must be reversed.

All the judges concurring, the judgment is reversed and the cause remanded.