## CLARK WILLIAMS REALTY COMPANY, Appellant, v. H. H. BRIGGS et al., Respondents.

### Kansas City Court of Appeals, May 27, 1912.

1. **MECHANICS' LIENS: Contractor: Owner: Personal Judgment** In a suit against the contractor and landowner on a mechanic's lien claim, there may be a personal judgment rendered against the contractor notwithstanding no lien is established.

2. **———: ———: Jurisdiction of Justice: Different Amounts: Judgment.** Where the jurisdiction of a justice of the peace is limited to a sum not exceeding $250, in an action for the enforcement of a mechanic's lien, and to a sum not exceeding $300 in personal actions, and an action was brought against the contractor and landowner for a personal judgment against the former for $265 and to enforce a lien for that sum: It was *held*, that though there was no jurisdiction over the lien, yet as the sum claimed was less than $300, a personal judgment could rightfully be rendered against the contractor.

3. **———: ———: ———: ———: Judgment: Appeal: Void Lien: Dismissal.** In an action brought before a justice of the peace against a contractor and a landowner, for a personal judgment against the former and for enforcement of a mechanic's lien against the property of the latter, the sum sought was greater than the justice's jurisdiction for the enforcement of a lien, but within his jurisdiction for a personal judgment. The justice rendered a personal judgment against the contractor and also for an enforcement of the lien. The contractor appealed to the circuit court, but the landowner did not. *Held*, that that part of the judgment before the justice enforcing the lien, was void; but that a personal judgment could be rendered against the contractor by the circuit court, and that it was error to sustain the contractor's motion to dismiss the case.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

REVERSED AND REMANDED.

*McCune, Harding, Brown & Murphy* for appellant.

(1) The justice of the peace had jurisdiction to render a personal money judgment against respondent for an amount aggregating $300, even though he did not have jurisdiction to enforce the lien. Patrick v. Abeles, 27 Mo. 184; Mulloy v. Lawrence, 31 Mo. 583; Matlock v. Lare, 32 Mo. 262; Williams v. Porter, 51 Mo. 441; Wright v. Beardsley, 69 Mo. 548; Company v. McCornish, 74 Mo. App. 609; Heimberger v. Harrison, 83 Mo. App. 544. (2) An appealing party cannot take advantage of an error which injured only a non-appealing coparty. Christopher v. Kelley, 91 Mo. App. 93. (3) Respondents' motion to dismiss the cause having been overruled in the assignment division of the circuit court, the matter was *res adjudicata* in that court. Mangold v. Bacon, 237 Mo. 496, 141 S. W. 650; Johnson v. Latta, 84 Mo. 142; Chouteau v. Gibson, 76 Mo. 51.

*L. N. Dempsey* for respondents.

The justice of the peace had no jurisdiction of the subject-matter of said suit and the judgment rendered was void, it being in excess of the jurisdiction of the justice in a suit to enforce a mechanics' lien, $250 being the maximum limit of a justice of the peace jurisdiction in such case. Mill Co. v. Short, 58 Mo. App. 320.

ELLISON, J.—This action was begun before a justice of the peace of Jackson county, against the contractor and the owner of a one-story brick building,

to recover a judgment for $265, and to enforce a mechanic's lien against the building for that amount. Judgment was rendered against the contractor for the amount claimed and also enforcing the lien against the owner's property. The contractor, alone, appealed to the circuit court. In the latter court the contractor filed his motion to dismiss the cause of action on the ground that the justice had no jurisdiction. This motion was sustained and thereupon plaintiff appealed to this court.

The ground stated for lack of jurisdiction is that in counties of more than fifty thousand population, Jackson county being one of such counties, a justice has jurisdiction of mechanics' liens only where the sum does not exceed $250. It is conceded that in ordinary actions in such counties the justice has jurisdiction of sums not in excess of $300; but the claim is, that since this was an action instituted to enforce a lien for more than the amount limited in the enforcement of liens, no personal judgment could be rendered against the contractor.

We think there is no doubt that a plaintiff might bring an action to enforce a mechanic's lien, making both the contractor and owner of the property parties, and failing in his lien, yet obtain a valid personal judgment against the contractor. [Patrick v. Abeles, 27 Mo. 184; Mulloy v. Lawrence, 31 Mo. 583; Matlack v. Lare, 32 Mo. 262, 264; Wright v. Beardsley, 69 Mo. 548, 550; Cahill, Swift & Co. v. McCornish, 74 Mo. App. 609; Heimberger v. Harrison, 83 Mo. App. 544.] A personal judgment is the principal thing and a lien the incident. For a lien cannot exist without the judgment, but the judgment does not depend upon the lien.

But in this case the plaintiff did not fail with his lien. He obtained judgment in the justice's court establishing it. That judgment, however, was void on its face, being for a greater amount than the jurisdiction of the justice, and the owner, it seems, gave it

no attention and did not appeal from it. Being void, we see no reason why it may not be treated as though plaintiff had failed to establish his lien, or had never asked for its enforcement, and a personal judgment taken against the contractor. The fact that the action was brought to enforce a lien against the owner's property, ought not to put out of mind that it was also brought for a personal judgment against the contractor, and a personal judgment might be had against the contractor for any sum within the jurisdiction of the justice in ordinary actions. The lien, as we have said, is really only an incident following the personal judgment.

The rule as to entirety of judgments and that no one can be heard on an appeal to the circuit court except those who joined in it, does not apply to a case where a contractor appeals and the property owner does not. In such case, errors against the landowner and his right to complain, do not concern the contractor. The reverse of this would be true, however, where the landowner appeals and the contractor does not, for the former is interested in the amount adjudged against the contractor, since it is fixed as a lien on his property. [Christopher v. Kelly, 91 Mo. App. 93, 99.] In that case we think Judge GOODE properly explains and makes the distinction between the cases therein referred to—among others, that of Carthage M. & W. L. Co. v. Bauman, 55 Mo. App. 204—a case relied upon by defendant.

We are likewise referred to Little Rock Trust Co. v. S. M. & A. Ry. Co., 105 Mo. 669, 685, 687, a railroad lien case. It has no application to this. There the contractor was not brought into court, and though made a party, the case as to him was dismissed and the action was exclusively *in rem*. A judgment had been rendered against the property of a defendant railroad which had not been served with process (another road was served) and it, with the other road,

came into court to have the judgment set aside. This was refused and the railway company which had not been served appealed to the Supreme Court. We have only attempted to state the case in a short way, but sufficiently to show that the court remarking, on page 687 of the report, that the judgment was an entirety, has no application to the case before us.

The case then is this: Plaintiff brought an action for personal judgment against a contractor and to enforce a mechanic's lien therefor against the owner's property, for a sum in excess of the jurisdiction of a justice of the peace for the enforcement of mechanics' liens, but within the limit of such jurisdiction for personal judgments. A personal judgment was rendered against the contractor and charged as a lien against the property. The contractor appealed and the owner of the property did not. In our opinion the justice had jurisdiction over the contractor for a personal judgment, and on his appeal the circuit court had jurisdiction to hear the case against him, the lien proceedings being void, were of no effect, and left the case against the contractor as though a lien had not been mentioned.

The judgment is reversed and cause remanded. All concur.