Marty ESSER and Phillip Sears, Respondents,

v.

Lee FOWLER, Appellant.

No. 32847.

Missouri Court of Appeals, Western District.

Aug. 17, 1982.

Lane L. Harlan, Harlan Law Offices, Boonville, for appellant.

J. Michael Conway, Conway & Blanck, Boonville, for respondents.

Before SOMERVILLE, C. J., WASSERSTROM, J., and MOORE, Senior Judge.

SOMERVILLE, Chief Judge.

Marty Esser and Phillip Sears (hereinafter plaintiffs), original contractors, furnished certain labor and materials for plumbing improvements on an apartment building owned by Lee Fowler (hereinafter defendant) in Boonville, Missouri.

Plaintiffs, unsuccessful in their efforts to collect the account extrajudicially from defendant, filed suit to enforce a mechanic's lien. In their petition, plaintiffs prayed for a personal judgment against defendant in the sum and amount of $1,197.95 plus interest, and that said amount be declared a lien on certain real property owned by defendant upon which the repairs and improvements reflected by the account had been made. Defendant responded with a motion to dismiss plaintiffs' petition predicated on the grounds that the trial court lacked "jurisdiction over the subject matter" and that the petition failed "to state a claim upon which relief can be granted". The crux of both grounds was that plaintiffs, as an original contractor, had failed to serve the statutory "Notice to Owner" mandated by Section 429.012, RSMo 1978. Plaintiffs readily acknowledged that they were remiss in not serving the requisite statutory notice and that compliance therewith per Section 429.-012.2 was "a condition precedent to the creation, existence or validity of any mechanic's lien in favor of such original contractor." Confronted with this inescapable dilemma, plaintiffs asked leave to file an amended petition. Thereupon, the trial court overruled defendant's motion to dismiss and granted plaintiffs leave to file an amended petition. In their amended petition, plaintiffs deleted all references to the establishment or enforcement of a mechanic's lien and prayed only for a personal judgment against defendant on account. The case, tried to the court on plaintiffs' amended petition, resulted in a personal judgment in favor of plaintiffs and against defendant in the sum of $1,197.95 plus interest from the date of demand, with costs taxed against defendant.

Defendant posits his right to appellate relief on the assertion that plaintiffs' ad-

mitted failure to serve the statutory notice prescribed by Section 429.012, RSMo 1978, rendered their original petition an absolute nullity, which, perforce, afforded no basis for subject matter jurisdiction to attach. Going a step further, defendant asserts that absent subject matter jurisdiction the trial court's only recourse was to dismiss plaintiffs' petition and refuse leave to plaintiffs to amend by reason of Rule 55.27(g)(3) which provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

■ Defendant's ingenious theory is legally blemished in several respects. A personal judgment is the principal relief sought in a suit to enforce a mechanic lien and the lien itself is but an incident of the principal relief; although a lien cannot exist without a personal judgment, a personal judgment may exist without a lien. *Clark Williams Realty Co. v. Briggs,* 164 Mo.App. 104, 148 S.W. 147 (1912). The trial court, beyond peradventure, had subject matter jurisdiction over that portion of plaintiffs' original petition seeking a personal judgment against defendant. The admitted failure of plaintiffs to serve the statutory notice to create a valid mechanic's lien did not extinguish the debt which plaintiffs sought to enforce collection of against defendant by way of a personal judgment. *R. J. Stephens, etc. v. Taylor-Morley-Simon,* 628 S.W.2d 374 (Mo.App.1982). In sum, the trial court had subject matter jurisdiction over the cause of action pleaded by plaintiffs in their original petition for a personal judgment against defendant, and their amended petition, deleting all references to a mechanic's lien and restricting it solely to a cause of action for a personal judgment on account, did not constitute a departure.

Judgment affirmed.

All concur.