**In re Lewis G. HOUTS and Jewell L. Houts, Debtors.**

**MEEK LUMBER YARD, INC., Plaintiff,**

**v.**

**Lewis G. HOUTS and Jewell L. Houts, Defendants.**

**Bankruptcy No. 82–00736–S. Adv. No. 82–0830–S.**

United States Bankruptcy Court, W. D. Missouri, S. D.

Oct. 14, 1982.

Christopher Stark, Springfield, Mo., for plaintiff.

Robert T. Beezley, Springfield, Mo., for defendant/debtors.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Meek Lumber Yard, Inc., hereinafter plaintiff, filed a Complaint to Lift Stay to allow it to enforce a mechanic's lien against property owned by debtors. The matter was submitted to the Court on the pleadings.

Debtors filed their Chapter 7 petition on March 10, 1982, scheduling plaintiff as an unsecured creditor. No representative of plaintiff was present at the § 341 meeting and no objection was made to the classification as unsecured.

During the week of May 17, 1982, plaintiff filed its mechanic's lien in the Circuit Court of St. Clair County, Missouri. The Complaint to Lift Stay was filed on May 24, 1982 and plaintiff filed its suit to enforce the lien on May 26, 1982, without the stay being lifted. Although plaintiff directed the Circuit Clerk not to serve debtors, they were served and called this action to the attention of the Court. An Order to Show Cause why plaintiff should not be held in contempt for violation of the automatic stay was issued and a reply was made.

Section 362(b)(3) of the Code, Title 11, U.S.C. exempts from the operation of the stay

"... any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to ... § 546(b) of this title."

Section 546(b) limits the trustee's avoiding powers, making them "subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection ..." This language includes statutory liens, House Reprint No. 95–595, 95th Cong. 1st Sess. 314 (1977) reprinted in 2 App. Collier on Bankruptcy (15th Ed.), U.S.Code Cong. & Admin.News 1978, p. 5787, and evidences a policy to permit postpetition perfection of a statutory lien to be effective against the trustee if perfection

could relate back to defeat the rights of an intervening creditor. 3 Collier on Bankruptcy, ¶ 546.03 (15th Ed.).

▪ The exception contained in Section 546(b) provides protection for statutory lien holders who are permitted, under applicable state law, "a grave period for perfection which would necessarily relate back to a time before the bankruptcy." *In re Allgeier & Dyer, Inc.,* 18 B.R. 82, 88 (Bkrtcy.W.D. Ky.1982). However strict compliance with state statutes is required. *In re Allgeier & Dyer, Inc.,* at 87; *In re Saberman,* 3 B.R. 316, 1 C.B.C. 671 (Bkrtcy.N.D.Ill.1980).

Section 429.010, R.S.Mo.1969 provides that

"Every ... person who shall ... furnish any material ... for any building ... or for repairing the same, under or by virtue of any contract with the owner ... shall have for his ... materials ... furnished a lien upon such building ... and upon the land belonging to such owner ... to the extent of three acres."

Debtors began purchasing materials from plaintiff in September of 1981. The last purchase was about January 30, 1982. An original contractor must file "within six months ... after the indebtedness shall have accrued ... a just and true account of the demand due him ... which is to be a lien upon such building." Section 429.080, R.S.Mo.1969. The indebtedness is deemed to have accrued "when the materials supplied are finally furnished." *J.R. Meade Co. v. Forward Construction Co.,* 526 S.W.2d 21, 28 (Mo.App.1975). The lien was timely filed and has been perfected. *George F. Robertson Plastering Co. v. Altman,* 430 S.W.2d 169, 172 (Mo.1968); *Goodner v. Mosher-Roe Abstract & Guaranty Co.,* 282 S.W. 698 (Mo.1926).

▪ Under Missouri law a properly filed mechanic's lien relates back to the commencement of the work. *United Lumber Co. v. Minmar Investment Co.,* 472 S.W.2d 630 (Mo.App.1971). The lien must be established through a "reasonable and substantial compliance with the statutory requirements ..." *Sentinel Woodtreating Inc. v. Cascade Development Corp.,* 599 S.W.2d 268, 270 (Mo.App.1980). The filing does not create the lien; it gives notice of the previous existence of the lien and perfects it. This filing is contemplated by the Code and is an exception to the automatic stay.

But plaintiff here did more than perfect its lien. It also attempted to enforce it by the filing of a suit while debtors were in bankruptcy and its Complaint to Lift Stay to accomplish that very purpose had not yet been ruled. It strikes the Court as peculiar that plaintiff would recognize that it needed a ruling from the bankruptcy court before proceeding to enforce its lien and began the proceeding to get that ruling, yet filed in state court before the ruling was issued.

▪ Plaintiff might argue that the filing was necessary to avoid the running of the short statute of limitations contained in Section 429.170, R.S.Mo.1969, giving six months to file the action for enforcement. If process is not served after filing, the statute of limitations is not necessarily tolled. *Hill-Behan Lumber Co. v. Sellers, et al.,* 149 S.W.2d 465 (Mo.App.1941); *Emanuel v. Richards,* 426 S.W.2d 716 (Mo.App. 1968). But the filing of the bankruptcy tolls any such statute of limitations. Section 108(c) of the Code. *Matter of Fiorillo & Co.,* 19 B.R. 21 (Bkrtcy.S.D.N.Y.1982); *Matter of Design Builders, Inc.,* 18 B.R. 392 (Bkrtcy.Idaho 1981).

▪ The filing of the action to enforce the lien violates the automatic stay, prohibiting "any act to ... enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." Section 362(a)(5) of the Code; *McGonigle v. Foutch,* 51 F.2d 455 (8th Cir. 1931). *Matter of Fiorillo & Co.,* supra; *Matter of Design Builders, Inc.,* supra. The courts distinguish, and properly so, between the act of perfecting the lien and the act of attempting to enforce it.

Plaintiff did not violate the automatic stay by perfecting its lien; it did violate the stay by filing suit to enforce it. For this violation the Court awards debtors damages in the sum of $50.00 and attorney fees in the sum of $100.00.

▪ There is a contention that debtors improperly scheduled plaintiff as an unsecured creditor. At the time the case was filed, the plaintiff held an unperfected statutory lien. There was no way to determine whether that lien would ever mature into a secured claim. See *In re TMIC Indus. Cleaning Co.,* 19 B.R. 397 (Bkrtcy.W.D.Mo. 1982) and *E.C. Robinson Lumber Co. v. Hughes,* 355 F.Supp. 1363 (DC E.D.Mo. 1972). The scheduling of plaintiff as an unsecured creditor was not improper.

The stay is lifted to allow plaintiff to enforce its mechanic's lien against the prop-

erty only. Section 522(c) of the Code preserves the lien.

### ORDER DENYING MOTION FOR RELIEF UNDER RULE 60

In its Order of October 14, 1982, the Court found that plaintiff had violated the automatic stay by filing suit to enforce its mechanic's lien. Plaintiff moves for relief from the judgment under Rule 60, Federal Rules of Civil Procedure, contending that plaintiff had not commenced suit since it directed the clerk not to serve the debtors. Plaintiff cites Missouri law to the effect that a suit is not commenced if the party filing it directs that service not issue. *Beglane v. Switzer,* 209 F.Supp. 849 (DC W.D. Mo.1962). See also *Hill-Behan Lumber Co. v. Sellers, et al.,* 149 S.W.2d 465 (Mo.App. 1941).

 Section 362(a) of the Code, Title 11, U.S.C. stays not only the commencement of a judicial proceeding but also any act to enforce any lien. The direction to the clerk not to issue service causes the case not to be commenced "for state purposes", as pointed by Judge Oliver in *Hill-Behan,* supra, at 850. But it is commenced as a matter of fact and the commencement is an act to enforce the lien. The filing of the suit was a violation of the automatic stay as a matter of federal law.

The automatic stay is one of the most significant provisions in the Code, giving the debtor immediate and absolute relief from creditors until the Court grants relief or the debtor is discharged. It is not to be nibbled at the edges. The plaintiff is not penalized for the clerk's error but for the act of filing suit. The Motion for Relief under Rule 60 is DENIED.