## In re WHITE MOTOR CORPORATION, Debtor.

Donna Lee CREWS, et al., Appellants,

v.

John T. GRIGSBY, Jr., Disposition Assets Trustee, Appellee.

Civ. A. No. C85–3701.

United States District Court, N.D. Ohio, E.D.

May 19, 1986.

William H. Pickett, Kansas City, Mo., for Crews.

Richard A. Princic, Day, Ketterer, Raley, Wright & Rybolt, Canton, Ohio, for Timken Co.

Jerome Leiken, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, for SKF Industries, Inc.

John E. Parks, Squire, Sanders & Dempsey, Cleveland, Ohio, for debtor.

### MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Appellants Donna Lee Crews, Deborah Crews, and Darrell Crews seek reversal of the decision of the bankruptcy court that they failed to timely commence their products liability action against debtor White Motor Corporation ("White Motor"). At issue is whether the Crewses complied with

this Court's order of February 23, 1984, permitting the resumption of products liability actions already commenced against White Motor, and the commencement of new products liability actions against White Motor within thirty days. For the reasons set forth below, this Court affirms the conclusions of the bankruptcy court.

I.

The facts of this appeal are not in dispute. Donald Crews, husband of Donna Lee Crews and father of Deborah and Darrell Crews, was killed on October 13, 1978, as a result of vehicular accident while he was driving a truck allegedly manufactured by White Motor. The Crewses filed a wrongful death action against White Motor in a Missouri state court on October 11, 1979; however, that suit was dismissed without prejudice for improper venue. On September 23, 1980, the Crewses refiled their wrongful death action in a Missouri state court where venue was proper ("the 1980 action"). White Motor, however, had filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–1174 (1982 and Supp. II 1984) ("Chapter 11"), on September 4, 1980. Consequently, the automatic stay provision of 11 U.S.C. § 362 (1982 and Supp. II 1984) ("§ 362") was activated on behalf of White Motor on September 4th. White Motor filed a notice of the automatic stay in the Missouri court on November 7, 1980.

In the appeal designated *Citibank, N.A. v. White Motor Corp.*, 37 B.R. 631 (N.D. Ohio 1984), *aff'd* 761 F.2d 270 (6th Cir. 1985), this Court provided for the resumption of products liability actions against White Motor. The Order stated in pertinent part:

(1) The automatic stay provided by 11 U.S.C. § 362 having terminated on November 18, 1983, and the discharge injunction of 11 U.S.C. § 524 being inapplicable to the claims before this Court, products liability cases may be resumed or continued in the appropriate state and federal courts, subject to the following restrictions:

(a) Within the limitations of the relevant state law, these actions may proceed to trial and judgments may be obtained against all appropriate parties, including White, White's co-defendants, and, where permitted, White's insurers.

(b) Within the limitations of the relevant state law, prevailing parties may collect judgments obtained against White's co-defendants and, where permitted, White's insurers. Prevailing parties may also collect that portion of any judgment against White which is covered by White's liability insurance policies. No party may collect any portion of any judgment against White which is not covered by such insurance policies, except as provided in paragraph (1)(c). No party may seek to execute any judgment against White by commencing any action against NEOAX.

(c) A party who obtains a final judgment against White, and who cannot collect the total amount of such judgment from White's insurance policies, may petition the Bankruptcy Court for payment from the Reserve Fund established by Article X of the Reorganization Plan. Such payment shall be made only if the party has filed or is deemed to have filed a timely proof of claim, or is hereafter permitted to file a late proof of claim, pursuant to 11 U.S.C. § 501. The Bankruptcy Court shall make payments on those claims in a manner consistent with the provisions of the Reorganization Plan, the Bankruptcy Code and this Opinion.

(2) Within the limitations of the relevant state and federal law, a party who has filed or is deemed to have filed a timely proof of claim, or is hereafter permitted to file a late proof of claim, pursuant to 11 U.S.C. § 501, but who has not commenced a civil action against White, its co-defendants and, where permitted, White's insurers, may do so in a state or federal court of appropriate jurisdiction within thirty (30) days of the date of this Opinion, except that where

commencement of an action for contribution or indemnification by a co-defendant against White or, where permitted, White's insurers, is contingent upon entry of a final judgment in a pending action, such an action may be commenced in a state or federal court of appropriate jurisdiction within thirty (30) days after the entry of such judgment.

(3) Failure by a party to commence an action within the time limits set forth in paragraph (2) shall be deemed a waiver of any right to a trial by jury. The Bankruptcy Court shall then estimate the value of the proof of claim pursuant to 11 U.S.C. § 502(c), and shall make payments on those claims in a manner consistent with the provisions of the Reorganization Plan, the Bankruptcy Code, and this Opinion.

(4) Pursuant to interim rule (c)(2), and subject to such exceptions and limitations as this Court shall make, thirty (30) days following the date of this Opinion the products liability cases will be referred back to the Bankruptcy Court for proceedings not inconsistent with this Opinion. . . .

37 B.R. at 646–647. The Crewses, who had filed their proof of claim in White Motor's bankruptcy proceeding on September 1, 1982, did not file any relevant pleadings during the thirty-day period following the issuance of the Court's Memorandum and Order on February 23, 1984.

On May 1, 1984, White Motor filed a motion for dismissal or summary judgment in the 1980 action on the bases of insufficient process, lack of personal jurisdiction, and statute of limitations. The following day, the Crewses filed another action in the same court against White Motor, asserting the same wrongful death claim ("1984 action"). White Motor countered with a motion for dismissal or summary judgment of the 1984 action on the same grounds asserted in the 1980 suit. On September 24, 1985, the Missouri court consolidated the two actions, dismissed White Motor as a party to the 1980 action, and denied White Motor's motion in the 1984 action. The Crewses filed an amended petition rejoining White Motor in the 1980 action on December 27, 1984. White Motor filed an answer to the amended petition on June 28, 1985, after participating in discovery in that action.

On August 16, 1985, White Motor Trustee John T. Grigsby, Jr. ("the trustee") filed this action in bankruptcy court, seeking declaratory and injunctive relief from the Crewses' products liability actions in the Missouri court. The Timkin Company and SKF Industries, Inc. ("Timkin" and "SKF", together "the intervenors"), co-defendants with White Motor in the Missouri actions, successfully sought to intervene in this case. Following a hearing, the bankruptcy court ruled that: 1) the filing of the 1980 action against White Motor was "null and void *ab initio* and was of no legal force and effect"; 2) the Crewses had not commenced an action against White Motor before May 2, 1984; 3) the filing of the 1984 action and the refiling of the 1980 action were untimely and not in compliance with this Court's February 23, 1984 order; and 4) since the two actions were untimely filed, they must be dismissed as against White Motor, and the Crewses would be able to pursue their claim against White Motor in the bankruptcy proceeding. This appeal by the Crewses and the intervenors followed.

Jurisdiction is proper pursuant to 28 U.S.C. § 158 (1982).

## II.

The parties are in agreement regarding the standard of review. Although findings of fact made by the bankruptcy court cannot be set aside unless "clearly erroneous," Bankr. Rule 8013, this Court is permitted to make *de novo* determinations of conclusions of law. *In re Tenna Corp.*, 53 B.R. 493, 494 (N.D.Ohio 1984).

### A.

 Appellants correctly anticipated that the trustee would rely on the well-supported principle that actions taken in violation of an automatic stay are null and void *ab initio*, having no legal effect. *E.g.,*

*Potts v. Potts*, 142 F.2d 883, 888 (6th Cir. 1944), *cert. denied*, 324 U.S. 868, 65 S.Ct. 910, 89 L.Ed. 1423 (1945); *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982); *In re Advent Corp.*, 24 B.R. 612, 614 (Bankr.App. 1st Cir.1982); *In re Eisenberg*, 7 B.R. 683, 686 (Bankr.E.D.N.Y.1980); 2 *Collier on Bankruptcy* § 362.11 (15th ed. 1985) and cases cited therein. *See also In re Young*, 14 B.R. 809, 811 (Bankr.N.D.Ill.1981) (bankruptcy filing stays creditors from commencing actions against debtor); *In re Miller*, 10 B.R. 778, 780 (Bankr.D.Md.1981) *aff'd*, 22 B.R. 479 (D.Md.1982) (on receiving notice of automatic stay, creditor may be required to dismiss action filed in violation of the stay in order to restore the status quo). Since the filing of the 1980 action was a nullity, the trustee argues, there was no existing action to be resumed at the entry of this Court's February 23, 1984 order. In addition, the filing of the 1984 action in May, 1984 and the later refiling of the 1980 action were not accomplished during the thirty day period beginning February 23, 1984, and the Crewses' inaction induced the waiver of trial by jury anticipated by section 3 of the February 23, 1984 order.

Timkin and SKF attempt to undercut the weight of this authority by citing two cases holding that actions taken during the automatic stay are voidable, rather than void. If an action is "voidable," it is defective but capable of ratification. *In re Oliver*, 38 B.R. 245, 247 (Bankr.D.Minn.1984). Several courts have accepted this departure from the traditional rule. *See Oliver*, 38 B.R. at 248; *In re Fuel Oil Supply and Terminaling, Inc.*, 30 B.R. 360, 362 (Bankr.N.D.Tex. 1983); and cases citing them.

In both cases cited by the intervenors, however, the courts clearly established that the actions of the debtor controlled whether an action was cured. In *Fuel Oil Supply*, the court stated that "stay violations may be voidable at the debtor's or trustee's insistence rather than absolutely void." *Id.* at 362. In *Oliver*, the debtor did nothing to enforce an automatic stay until seven months after foreclosure by publication began, effectively ratifying the foreclosure by its silence. This Court is not presented with an analogous situation. Certainly White Motor did not "insist" on ratifying the Crewses' Missouri action. Moreover, its silence during the thirty day period given to commence actions is irrelevant, since it had already enforced its stay in November of 1980 and was not required to point out to its opponents that their failure to refile suit could be fatal to their right to jury trial. If White Motor had participated in the Missouri litigation during that month long period, this Court might be able to find that it had validated the commencement of the action during the automatic stay. However, White Motor did nothing during that month to suggest that the filing during the stay was proper. Therefore, this Court must find that even assuming that Timken and SKF are correct that violations of the automatic stay can be corrected, the action filed by the Crewses in 1980 was void as to White Motor and has no legal effect.

B.

Despite the apparent nullity of their 1980 filing, the Crewses still maintain that they complied with this Court's order:

> Although appellants filed an action against White while the automatic stay provisions of 11 U.S.C. § 362 were in effect, and the commencement was thus rendered ineffectual for purposes of obtaining a judgment against White at that time, the act of filing the petition was commencement in fact under Missouri and federal law. As commencement in fact appellants had complied with the plain meaning of the word commencement and they acted timely within the meaning of the Memorandum and Order and Order, rendering it unnecessary for them to refile an action within thirty days of the Memorandum and Order and Order.

Brief of Appellants, at 10.

In support of its proposition that an action taken during an automatic stay can be a commencement in fact, the Crewses cite *In re Houts*, 23 B.R. 705 (Bankr.W.D.Mo.

1982), in which a plaintiff was permitted to file a mechanic's lien against the debtor. That court emphasized that such a perfection of a lien was anticipated by the Bankruptcy Code and is an exception to the automatic stay. *Id.* at 707. The court strictly distinguished the plaintiff's filing of an action to enforce the then-perfected lien, indicating that this action was in violation of the stay. *Id.* at 707–708. *Houts,* then, does not lend support for the Crewses' position that an action can be commenced while the automatic stay is operable, but in fact contradicts their argument.

In contrast to the Crewses' contention that they complied with the "plain meaning" of the word "commencement," the plain words of § 362 state, "[A] petition filed ... operates as a stay, applicable to all entities, of ... the commencement ... of a judicial ... proceeding against the debtor that ... could have been commenced before the commencement of the case under this title...." When the language of this provision is considered in conjunction with the precedent establishing that actions taken in violation of the stay are void and with the Crewses' inability to cite cases supporting their argument, their characterization of their filing as a "commencement in fact" appears to be nothing more than their wishful attempt to create a legal doctrine that does not exist.

C.

■ Finally, the Crewses and the intervenors rely upon the words of the February 23, 1984 order. First, they cite the passage stating:

(2) Within the limitations of the relevant state and federal law, a party who has filed or is deemed to have filed a timely proof of claim, pursuant to 11 U.S.C. § 501, *but who has not commenced a civil action against White, its co-defendants and,* where permitted, *White's insurers,* may do so in a state or federal court of appropriate jurisdiction within thirty (30) days of the date of this Opinion ... [Emphasis supplied by appellants.]

They argue, in essence, that by filing a valid action against White Motor's co-defendants, the Crewses have complied with this Court's order. This reading is inconsistent with the clear intention of the order: to establish a thirty-day period during which new products liability actions could be commenced against White Motor. Even the appellants do not argue that an action against White Motor could be commenced by filing against parties meant to be its co-defendants.

Timken and SKF also quote the following passage:

(1) The automatic stay provided by 11 U.S.C. § 362 having terminated on November 18, 1983, and the discharge injunction of 11 U.S.C. § 524 *being inapplicable to the claims before this Court,* products liability cases may be resumed or continued in the appropriate state and federal courts, subject to the following restrictions: (a) Within the limitations of the relevant state law, *these actions* may proceed to trial and judgments may be obtained against all appropriate parties, including White, White's co-defendants, and, where permitted, White's insurers. [Emphasis supplied by appellants.]

The intervenors argue that by virtue of their challenge to the program established to permit the resolution of products liability claims prior to that eventually set forth in the February 23, 1984 order, the Crewses were one of the "claims before this Court" which would be able to proceed to trial. Obviously, this argument is eviscerated by this Court's conclusion that the 1980 filing was void and therefore incapable of being "resumed or continued." Both arguments based upon the language of the statute must fail, because they cannot survive the conclusion that the filing of the 1980 action was a nullity.

D.

Finally, appellants argue, with some logical appeal, that refiling the action would have served no reasonable purpose. It is true that White Motor had several opportunities to take notice of the Crewses' claim

against it: the filing of the first suit in 1979 which was dismissed for lack of venue; the filing of the 1980 action; and the filing of the claim in the bankruptcy proceeding. However, the value of strictly construing the automatic stay of § 362 must not be underestimated:

The relief provided by the automatic stay is one of the most critical features of the Bankruptcy Code, particularly for debtors in reorganization proceedings under Chapter 11. It provides the essential breathing room for a Chapter 11 debtor to restructure its affairs with its creditors and reorganize into a viable entity. Its importance increases exponentially in cases of the magnitude of these Chapter 11s. As has been amply documented in other decisions of this Court and the United States District Court for the Southern District of Ohio, the intensity and complexity of activity among these Debtors and their creditors has been next to none. Not only have the creditors taken an active interest in dismembering the Debtors, they have on occasion taken an interest in pursuing claims against one another.

*Matter of Baldwin-United Corp.*, 48 B.R. 901, 902 (Bankr.S.D.Ohio 1985).

The Crewses have conscientiously litigated their cause of action against White Motor, but they failed to take the one step needed to preserve their jury trial in Missouri. This Court recognizes that their claim essentially fell between the cracks of a massive bankruptcy action. However, the thirty-day period extended by the February 23, 1984 order was provided to allow products liability cases which were not filed before the automatic stay became effective to be commenced. The Crewses did not avail themselves of this reprieve, and this Court cannot find that "an action has been commenced" where the clear weight of precedent says it has not. Accordingly, the conclusions of the bankruptcy judge are reluctantly affirmed.

IT IS SO ORDERED.