**FARMINGTON BUILDING SUPPLY COMPANY, Plaintiff,**

**Jefferson County Home Center, Inc., Intervenor,**

v.

**John M. COURTOIS, Dottye E. Courtois, Ozark Federal Savings & Loan Association, Cara Detring, James L. Toppins, and Eva Toppins, Defendants.**

**No. 53277.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 21, 1988.

Terry R. Rottler, Ste. Genevieve, Joseph P. Cunningham, III, Festus, for Jefferson County Home Center.

Gary W. Wagner, Colson, Wagner & Ray, Farmington, Ben R. Swank, Jr., Kansas City, for Lumbermens Assoc.

GRIMM, Judge.

This is a mechanic's lien case. The general issue presented: When a mechanic's lien exists, does the subsequent bankruptcy of the landowner/contractor preclude the enforcement of the lien? We hold that it does not, and reverse the decision of the trial court which had sustained motions to

dismiss based on the premise that it did and remand with directions.

John and Dottye Courtois owned a building lot. On March 6, 1984, they secured a construction loan from Ozark Federal Savings and Loan Association, giving Ozark a deed of trust on the lot. Acting as their own building contractor, the Courtoises began construction of a house. Jefferson County Home Center alleges that it dealt directly with the Courtoises and between April 13 and September 21, 1984, sold them materials and supplies; Jefferson claims a balance due of $17,639.05. The Courtoises allegedly also purchased supplies and materials from Farmington Building Supply Center during the period May 31 to September 6, 1984; Farmington claims a balance due of $7046.17.

For some reason not disclosed in the record before us, the Courtoises were unable to complete the project. On December 26, 1984, Farmington filed its mechanic's lien. Five days later, Farmington filed suit to enforce its mechanic's lien. On January 2, 1985, Jefferson gave notice of its intent to file a mechanic's lien. On that same day, Ozark foreclosed its deed of trust, and was the purchaser at the sale. On January 14, 1985, pursuant to an agreement dated January 2, 1985, Ozark deeded the property to James and Eva Toppins. Pursuant to court authorization, Jefferson intervened and filed its petition to enforce its mechanic's lien in March, 1985. Thereafter, and until June, 1986, numerous amended pleadings were filed and discovery occurred.

On July 23, 1986, the Courtoises filed Suggestions of Bankruptcy. The Suggestions indicated that a petition in bankruptcy was filed on July 18, 1986. A relief from the automatic stay was granted on September 22, 1986.

In early 1987, Ozark and the Courtoises filed a motion to dismiss all causes of action, on the basis that the Courtoises had secured a discharge in bankruptcy of their debts, including the two to Farmington and Jefferson. In support of their motion, they cited *Kenny's Tile & Floor Covering, Inc. v. Curry*, 681 S.W.2d 461 (Mo.App.W.D. 1984). This motion was ultimately sus-

tained. Both Farmington and Jefferson appealed and their appeals were consolidated. Although filing separate briefs, they both allege that the trial court erred in holding that since the personal debts of the Courtoises were discharged in bankruptcy, a mechanic's lien could not attach to the property. The Mid–America Lumbermens Association has filed an amicus curiae brief in support of Farmington and Jefferson.

In *Kenny's Tile*, plaintiff was a supplier of materials and the defendants Thomas and Maureen Curry were landowners/contractors. Plaintiff sought both a personal judgment and a mechanic's lien on the property. The trial court granted a personal judgment against Thomas Curry; on appeal, that personal judgment was reversed because Thomas had filed for bankruptcy, Kenny's Tile had actual notice of the bankruptcy proceedings, and the discharge in bankruptcy voided any personal judgment against him. *Id.* at 468–469. The trial court had denied the request for a mechanic's lien on the property; this denial was upheld because Kenny's Tile failed to prove that the notice required by § 429.012.1(d) RSMo 1986 was delivered to Thomas. *Id.* at 472.

The portion of *Kenny's Tile* which apparently caused the trial court to sustain the motions to dismiss is found at page 469 and says:

> It has been noted, however, that a "personal judgment is the principal relief in a suit to enforce a mechanic's lien and the lien itself is but an incident of the principal relief; although a lien cannot exist without a personal judgment, a personal judgment may exist without a lien." *Esser v. Fowler*, 638 S.W.2d 327, 329 (Mo. App.1982). Therefore, in order to enforce the mechanic's liens herein, it was necessary to have a personal judgment against Thomas Curry which, as observed above, was not possible because of [his discharge in bankruptcy].

In *Esser*, cited above in *Kenny's Tile*, the allegation on appeal was that the trial court was without subject matter jurisdiction. The Esser court held that there was

subject matter jurisdiction. But, before so doing, it said:

A personal judgment is the principal relief sought in a suit to enforce a mechanic lien and the lien itself is but an incident of the principal relief; although a lien cannot exist without a personal judgment, a personal judgment may exist without a lien. *Clark Williams Realty Co. v. Briggs,* 164 Mo.App. 104, 148 S.W. 147 (1912).

*Esser,* 638 S.W.2d at 329.

In *Clark Williams,* plaintiff filed suit against two defendants, the contractor and the owner. The court held that a plaintiff can sue both the contractor and the owner, "and, failing in his lien, yet obtain a valid personal judgment against the contractor [citations omitted]. A personal judgment is the principal thing, and a lien the incident; for a lien cannot exist without the judgment, but the judgment does not depend on the lien." We observe that there were no citations of authority to support the last sentence. Also, the sentence was *obiter dictum,* because the court had before it only a request for a personal judgment.

Even though *Kenny's Tile* contains the quoted statement, that case also makes reference to *In re Houts,* 23 B.R. 705 (Bankr. W.D.Mo.1982), albeit not on this issue. *Houts* involves the application of the Missouri mechanic's lien statute to a bankruptcy case by a bankruptcy court, and recognizes several principles that are applicable to the disposition of the case before us. The bankruptcy act permits perfection of statutory liens. *Id.* at 706. Perfection of such a lien after a petition in bankruptcy has been filed is permitted and is superior to the rights of the trustee in bankruptcy if perfection could relate back to defeat the rights of an intervening creditor. *Id.* at 706–707. Under Missouri law, a properly filed mechanic's lien relates back to the commencement of the work. *Id.* at 707. The filing of a mechanic's lien "does not create the lien; [rather] it gives notice of the previous existence of the lien and perfects it." *Id.* The court then held that the plaintiff did not violate the automatic stay by filing the mechanic's lien, but that it did

not violate the stay by filing suit to enforce it. *Id.*

After stating these principles, the *Houts* court concluded its decision saying:

The stay is lifted to allow plaintiff to enforce its mechanic's lien against the property only. Section 522(c) of the Code preserves the lien.

*Id.* at 707–708. Thus, the bankruptcy court recognized that a plaintiff may "enforce its mechanic's lien against the property only," even though a personal judgment against the bankrupt would be unenforceable. Compare *Stewart v. Underwood,* 146 Ariz. 145, 704 P.2d 275 (Ariz.App.1985), wherein the court stated that a valid pre-bankruptcy lien that is not avoided during the bankruptcy proceedings survives those proceedings unaffected; the bankruptcy "only barred subsequent actions against [the bankrupt] personally." For other cases with similar holdings, see West's Bankruptcy Digest, Mechanic's Liens. *See also* Annotation, *Effect of Bankruptcy of Principal Contractor Upon Mechanic's Lien of Subcontractor, Laborer, or Materialman as Against Owner of Property,* 69 A.L. R.3d 1342 (1976).

Our conclusion that the subsequent bankruptcy of the landowner/contractor does not discharge the lien is supported by *Douglas v. St. Louis Zinc Co.,* 56 Mo. 388 (Mo.1874); and *Holland v. Cunliff,* 96 Mo. App. 67, 69 S.W. 737, (Mo.App.E.D.1902). *See also Roy F. Stamm Electric Co. v. Hamilton–Brown Shoe Co.,* 350 Mo. 1178, 171 S.W.2d 580, 584 (banc 1943).

In *Cork Plumbing Co. v. Martin Bloom Associates,* 573 S.W.2d 947 (Mo.App.E.D. 1978), plaintiff filed a mechanic's lien and petition to enforce it. Approximately eight months later, a petition in bankruptcy was filed by the owner, and the owners ultimately were discharged in bankruptcy. In the bankruptcy proceedings, Cork received a payment of $6329.63 on a total indebtedness of approximately $45,000. Defendants argued that the trial court erred in imposing a mechanic's lien because the Cork account had been merged and extinguished by the bankruptcy payment. *Id.* at 952. In denying that point, the court

**480**

pointed out that this was consistent with the purpose of Missouri's mechanic's lien statute, which is based on the principle that those who have contributed labor and material to the improvement of property are entitled to look to the property for compensation. *Id.* at 953.

Although *Kenny's Tile,* and *Cork* may appear to conflict, the actual holdings in the two cases do not. In *Kenny's Tile,* personal judgment against Thomas Curry was barred by his discharge in bankruptcy. The mechanic's liens were denied, not because of his bankruptcy, but because Kenny's Tile failed to give the mandated statutory notice. On the other hand, in *Cork,* plaintiff had a valid mechanic's lien which was recognized by the Bankruptcy Court. As such, Cork was allowed to enforce his mechanic's lien against the property.

The judgment of the trial court in sustaining the motions to dismiss is reversed. Upon remand, the trial court must determine whether the Courtoises obtained materials and supplies from Farmington and Jefferson and were originally liable for the purchase of such items. If they were, then the court must determine the amount thereof which is lienable. If all prerequisites for a mechanic's lien are met, a judgment for the lienable amount of the purchases may be imposed on the property only. A personal judgment against the Courtoises is not essential to the imposition of the mechanic's lien on the property and should not be granted.

CRIST, J., and SIMEONE, Senior Judge, concur.